## GRAY v. BULLEN et al.

No. 2997.   Decided August 25, 1917.   (167 Pac. 683.)

1. ACCORD AND SATISFACTION—PART PAYMENT. Where the debt or
   demand is liquidated or certain, and is due, payment by the debtor
   and receipt by the creditor of a less sum, there being no new or inde-
   pendent consideration, is not a satisfaction thereof, although the
   creditor agrees to accept it as such. (Page 273.)

2. CORPORATIONS—PROMOTION—ISSUANCE OF STOCK. Where one cor-
   poration promoter was promised 8,200 shares of stock, should the
   corporation be organized, he could not complain that the stock was

not issued to him, when the corporation was not organized, in the absence of proof that failure to organize it was due to the acts of the defendants. (Page 274.)

Appeal from District Court, Third District; *Hon. Geo. G. Armstrong,* Judge.

Action by William Gray against H. Bullen and others, doing business as the Dreamland Leasing Company of Utah.

Judgment for defendants. Plaintiff appeals.

REVERSED and REMANDED, with directions.

*Chris Mathison* for appellant.

*Gustin, Gillette & Brayton* and *Parley P. Jenson* for respondents.


FRICK, C. J.


The plaintiff sued the defendants, H. Bullen, H. A. Pederson, J. W. Rooklidge, George Wilson, and Roy Bullen, "doing business as the Dreamland Leasing Company of Utah," to recover judgment for $676 and for the value of 8,200 shares of stock, alleged to be of the value of 10 cents per share. It is not necessary to refer to the pleadings, except for the purposes hereinafter indicated. The evidence is very short, and is practically without conflict. The action is based upon a letter, addressed to the plaintiff, which reads as follows (on letter head of Dreamland Leasing Company of Utah):

"August 14, 1909.
"Mr. Wm. Gray, City—Dear Sir: This letter is written you in order to have a clear understanding of the condition of your account with the Dreamland Leasing Company, and it is to be considered as an acknowledgment of liability and if assigned to any other person their claim will be protected to that amount. According to my books, you have $550 due you on the drift and shaft contract and 4,000 shares of the stock of the company; on the drifting contract you have $126 due you and 4,200 shares of the stock—making in all $676

and 8,200 shares of stock. Dreamland Leasing Company of Utah, by J. W. Rooklidge, Secretary.''

Mr. Rooklidge, signer of the foregoing letter, testified that all of the parties named at the beginning of this opinion, except H. A. Pederson, were partners doing business as the ''Dreamland Leasing Company of Utah.'' The evidence, without conflict, is to the effect that the parties aforesaid had a lease on a certain mine in Nevada which they were developing; that they intended to organize a corporation on said lease, and in case that were done the plaintiff, in addition to the $676, was also to receive the 8,200 shares of stock, both of which are mentioned in the letter; that the plaintiff was employed by the defendants to do work on the mine aforesaid, and that, in so far as the stock was concerned, he was, in a sense, a partner, and was to receive the stock in case the mining lease was incorporated, but, so far as the $676 was concerned, he was not connected in any way with the defendants, but that he had earned that amount in working for the defendants named, except the defendant Pederson. The testimony also showed that another writing was entered into between plaintiff and the defendant Rooklidge, which reads as follows:

''Salt Lake, August 14, 1909.

''In consideration of the surrender of this statement to me, not later than sixty days from date, I hereby agree to pay the holder the sum of fifty dollars—notice to be given me ten days in advance by holder, and nothing is to be done before October 14, 1909.                    J. W. Rooklidge.''

Indorsed on back:

''Pd. $10.00 Dec. 6/10. Pd. $10.00 Jan. 6/11. Pd. $10.00 Feb. 6/11. $10.00 Mar. 20/11. $10.00 Apr. 17/11. Wm. Gray, Jr.''

That writing was pleaded as a defense, and it was shown without dispute that the $50 mentioned therein had been paid by Rooklidge to the plaintiff between December 6, 1910, and April 17, 1911. The court found that the payment had been made as aforesaid, and as a conclusion of law also found that the obligation assumed in the original letter had thereby been

fully paid and discharged, and entered judgment in favor of the defendants. The plaintiff appeals from that judgment.

The defendants did not set up accord and satisfaction nor a general release as a defense, but they relied upon the defense of payment, and the court bases its conclusion of law and judgment entirely upon that defense. Can the conclusion of law be sustained? As we have seen, the evidence is undisputed that the defendants, except probably Pederson, were indebted to the plaintiff as partners in a specific sum. The amount due was fixed and certain. In view of the relations sustained by the defendants among themselves, the defendant Rooklidge was obligated for the whole amount due, the same as each of the other defendants was obligated. When Rooklidge paid the $50, therefore, he merely paid his own debt. The question, therefore, arises whether a debtor may pay or discharge a fixed and certain indebtedness then due by merely paying a lesser sum than the amount of his indebtedness to his creditor. The law is very clearly stated in 1 Cyc. 319, in the following words:

"Where the debt or demand is liquidated or certain, and is due, payment by the debtor and receipt by the creditor of a less sum is not a satisfaction thereof, although the creditor agrees to accept it as such, if there be no release under seal or no new consideration given. Payment of a less amount than is due operates only as a discharge of the amount paid, leaving the balance still due, and the creditor may sue therefor, notwithstanding the agreement. A court of equity has no power to enjoin collection of the balance."

In *Smoot* v. *Checketts,* 41 Utah, 211, 125 Pac. 412, Ann. Cas. 1915C, 1113, the headnote correctly reflects the decision, and it is there stated:

"When it is claimed that payment by the debtor of a sum less than is due to the creditor is a payment in full discharge of the entire amount due, a receipt acknowledging full payment is not controlling; but it must also appear that the payment was based on a sufficient independent consideration, or on a compromise of a disputed or unliquidated claim."

The same principle is announced in the case of *Rohwer* v. *Burrell,* 42 Utah, 517, 518, 134 Pac. 573.

The case at bar leaves no room for controversy upon the question of an independent consideration. The agreement between Rooklidge and the plaintiff is in writing and speaks

for itself. The consideration is there stated in the following words: "In consideration of the surrender of this statement to me," etc. Now, that is the consideration, and the only consideration, for the release of a fixed and absolute indebtedness then due, amounting to $676. The real consideration there mentioned is the surrender of the statement wherein the indebtedness was fixed. The real transaction, therefore, amounted merely to this: Rooklidge paid a fixed debt, amounting to $676, by agreeing to pay $50, which he paid. In other words, an indebtedness of $676 was paid with $50. In case a debtor is unable to pay his debts in full, there are several legal methods by which he may discharge and satisfy his debts without making payment in full. He may file a petition in bankruptcy, and, if insolvent, may be discharged. He may enter into a composition agreement with his creditors, and be discharged, or he may make an accord and satisfaction with any one or all of his creditors, and thus satisfy his debts. He may, however, not pay off his debts by merely paying, or agreeing to pay, a sum less than the amount of the debt, without some legal independent consideration which in law would amount to an accord and satisfaction. In this case there is absolutely no consideration for the pretended release, and hence the conclusion of law and judgment are against law.

The claim for the 8,200 shares of stock, however, stands upon a different footing. As to that claim the testimony of Mr. Rooklidge is not disputed. According to his testimony the plaintiff was interested with the defendants in organizing the corporation, and he was to receive the stock only in case the corporation was organized. The corporation was not organized, and no stock was issued, or can be issued. There is no allegation or proof, however, that the respondents were responsible, or that the corporation was not organized through any fault of theirs. The promise to issue the stock was therefore conditional, and not absolute, and, the condition not having materialized, the plaintiff cannot complain, unless he shows that the defendants were the cause of the failure to organize the corporation and to issue the stock. Nothing of that character is found, either in the

pleadings or in the evidence and hence we are clearly of the opinion that, as to the 8,200 shares of stock, the plaintiff has no cause of action against the defendants or either of them.

For the reasons stated, the judgment is reversed, and the cause is remanded to the district court of Salt Lake County, with directions to grant plaintiff a new trial. Costs to appellant.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.