# BRITTAIN v. GORMAN.

No. 2425. Decided May 8, 1913. (133 Pac. 370).

1. APPEAL AND ERROR—DISMISSAL AND NONSUIT—REVIEW—DISCRE-
   TION OF TRIAL COURT—VACATING JUDGMENT OF NONSUIT BEFORE
   TRIAL. The question whether plaintiff made a showing sufficient
   to entitle him to an order setting aside the judgment of dis-
   missal, entered pursuant to a nonsuit, before trial, was a mat-
   ter within the sound discretion of the trial court with which
   the Supreme Court cannot interfere unless an abuse of such
   discretion clearly appears from the record. (Page 589.)

2. APPEAL AND ERROR—REVIEW—HARMLESS ERROR—VACATING JUDG-
   MENT OF NONSUIT BEFORE TRIAL. Error, if any, in vacating a
   judgment of nonsuit and dismissal obtained by plaintiff before
   trial was not prejudicial to defendant, in view of the practice
   permitting the commencement of a new action upon the same
   cause of action at any time within a year after the nonsuit was
   entered. (Page 589.)

3. TRIAL—FINDINGS OF FACT—CONFORMITY TO PLEADINGS. Upon a
   complaint alleging that plaintiff had furnished material and
   labor and rendered services to defendant in the execution of a
   contract whereby plaintiff was to erect certain cottages for an
   agreed contract price, and that, after payment of a part, the
   parties stated an account showing that defendant was indebted
   to plaintiff in the balance of $1,200, which defendant agreed
   to pay with interest, and his failure to pay any of the principal,
   findings that, after the cottages were completed and after certain
   payments thereon, there had been an agreement that defendant
   pay the balance, with interest, amounting to $1,200, with inter-
   est to judgment, were in conformity to the pleadings. (Page
   589.)

4. APPEAL AND ERROR—NECESSITY OF OBJECTION—DEFECTIVE PLEAD-
   ING. Defendant, who made no objection before trial to the form
   in which the facts were stated in the complaint, could not for
   the first time on appeal object to any prolixity of statement or
   mingling of causes of action, if any. (Page 590.)

5. APPEAL AND ERROR—QUESTIONS OF FACT—CONCLUSIVENESS. The
   Supreme Court is bound by findings of facts in cases where there
   is any substantial evidence to sustain them. (Page 591.)

6. JUDGMENT—TRIAL OF ISSUES—CONFORMITY TO FINDINGS. Find-
   ings that defendant and plaintiff agreed upon the balance that
   was owing to the plaintiff for the erection of cottages at a
   specified contract price, and that the defendant had agreed to
   pay such amount to plaintiff, were sufficient to support a
   judgment in favor of the plaintiff. (Page 591.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by J. H. Brittain against P. W. Gorman.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*Goodwin* and *Van Pelt* for appellant.

*James Ingebretson* for respondent.

FRICK, J.

This action was brought by plaintiff, respondent here, to recover from the defendant, appellant in this court, a balance of $1200 which it was alleged was due from appellant to respondent for the erection of several small houses or cottages by the latter for the former during the year 1907. The respondent in his complaint, in substance, alleged that between the 1st day of January, 1907, and the 1st day of October of that year he had "furnished material and labor and rendered services to the said defendant in the performance and execution of a contract entered into by and between the plaintiff and defendant whereby the plaintiff agreed to and did erect certain cottages for said defendant . . . for the agreed contract price of $2325.75." It is further alleged that by reason of the premises appellant became indebted to respondent for the sum aforesaid, and that the former had paid to the latter the sum of $1125.75 to be, and which was, credited on said principal sum, leaving a balance due thereon amounting to $1200. It is then alleged "that on or about the 24th day of December, 1907, an account was stated by and between the plaintiff and defendant by which it was ascertained and agreed that said defendant was indebted to the plaintiff as of the said 24th day of December, A. D. 1907, in said sum of $1200, which the said defendant then and there agreed to pay the plaintiff upon demand, with interest at the rate of ten per cent. per annum from date until paid."

It is further alleged that appellant failed to pay the principal sum, but had paid the interest thereon in monthly installments up to a certain time, and that said sum of $1200 is owing from appellant to respondent, for which, with interest from the date named, judgment was demanded.

Appellant interposed a general demurrer to the complaint, which was overruled; and the defendant filed an answer in which he in effect denied all of the allegations of the complaint, except, stating it in the language of the answer, he admitted "that plaintiff has received or retained moneys due defendant, as alleged in plaintiff's complaint, in paragraph two thereof, but alleges that said sums are not correctly stated, and that plaintiff has received or retained a much larger sum of defendant's money." Here, therefore, is a specific admission that respondent has more of appellant's money than he claimed was paid him upon the contract mentioned in the complaint.

Upon the foregoing issues a trial was entered upon before the district court of Salt Lake county without a jury, and, after respondent had rested and appellant had produced all of his evidence, respondent's counsel, as he alleged, was surprised by some of the testimony given by appellant, and, not being prepared to meet it, counsel asked for and was granted a voluntary nonsuit. Within a few days thereafter, upon making a further investigation, counsel discovered that appellant's testimony was not true and that counsel had been misled thereby, and he immediately made an application to the court to set aside the judgment of dismissal which had been entered pursuant to the nonsuit and to reinstate the case. The application was supported by affidavits in which the facts were set forth in detail. Appellant resisted the application by filing counter affidavits, but the court, after considering the evidence for and against the same, granted the application, set aside the judgment of dismissal, and reinstated the case. A second trial of the cause, to another judge of the same court, resulted in findings and judgment in favor of respondent; hence this appeal.

The first error assigned relates to the court's ruling in granting the application to set aside the judgment of dismissal and to reinstate the case. The question of whether respondent had made a sufficient showing to entitle him to the order setting aside the judgment of dismissal was a matter which was within the sound discretion of the trial court. If that court was convinced, from the evidence produced in support of the application to set aside the judgment of dismissal and to reinstate the case, that the respondent was misled by appellant's testimony and that it was in furtherance of justice that the order of dismissal be set aside and the case reinstated, we cannot interfere, unless it clearly appears from the record that the trial court abused the discretion vested in it in matters of that character. We can see no reason for holding that the trial court abused the discretion vested in it. Indeed, if we were passing upon the evidence produced in support of and against the application, we should arrive at the same conclusion that the trial court arrived at.

Moreover, under the practice prevailing in this state, the respondent, at any time within a year after the nonsuit was entered, could have commenced a new action upon the same cause of action and prosecuted it to judgment precisely the same as he has this one. In view of this, we cannot see how the appellant was or could have been prejudiced in any legal right by the court's ruling in reinstating the action.

Appellant, however, also insists that the findings of the court are not supported by the evidence and that the conclusions of law and judgment are contrary to law. We have already called attention to the manner in which the facts were stated in the complaint in relation to the alleged agreement entered into between the parties relating to the building of the cottages, and that the respondent had also declared upon an account stated between the parties after the cottages were completed and a part of the alleged contract price had been paid. The court, in making its findings of fact, practically followed the allegations of the

complaint and specifically found that, after the cottages had been completed and after certain payments had been made, the parties had agreed upon a balance due from the appellant to the respondent which the former agreed to pay, and that appellant had, by way of credits which he was entitled to for the use of a barn, paid the interest on the balance found due to the 1st of September, 1910, and the court found the amount due as agreed on in the account stated, with interest from said 1st day of September, 1910, to the date of judgment. Appellant's counsel, however, insist that the pleader in drawing the complaint, had not proceeded upon the theory of an account stated but had declared upon an express contract, which, they insist, was not proved at the trial, and that therefore the judgment does not conform to the pleadings. There was, however, no objection to the complaint as drawn, either by motion to strike or by special demurrer that the complaint was uncertain or ambiguous. The only objection to the complaint was by way of a general demurrer, to which it was not vulnerable. If it were conceded, however, that respondent had either omitted or failed to prove a specific contract, yet if he proved an account stated, as alleged in the complaint and as found by the court, the conclusions of law and judgment in his favor would still be supported by the pleadings. As we view it, both the findings of fact and judgment in this case conform to the pleadings, and the only complaint that can be made is that more was stated in the complaint than was necessary to state a cause of action, and more is found in the findings than is necessary to sustain the conclusions of law and judgment.

In view that counsel made no objection to the form in which the facts were stated in the complaint before trial, they cannot now object to any prolixity of statement or mingling of causes of action, if such be the case. **4** There are, therefore, only two questions for us to determine, namely: Are the findings of fact sustained by sufficient evidence? And do the conclusions of law conform to the findings?

In our minds there certainly is no doubt that the conclusions of law are supported by the findings, and we feel very confident that there is at least some substantial evidence in support of the latter.  This is a law. case, and the rule has become elementary in this court that we are bound by the findings of facts in such cases, if there is any substantial evidence to sustain them.  It could subserve no good purpose for us to set forth the evidence in support of the findings.  Nor is it necessary for us to discuss the question of upon whom rested the burden of proof with respect to appellant's claim that he acted merely as agent of a corporation and was not personally liable.  It is immaterial what view the district court entertained upon that question if the finding that the appellant and the respondent agreed upon the balance that was owing from the former to the latter for the erection of the cottages in question and that the former had agreed to pay the same to the latter is correct.  That finding is amply supported by the evidence, and that alone would support both the conclusions of law and the judgment.  But we think that the finding that the appellant and the respondent entered into a specific contract with respect to the erection of the cottages and the amount to be paid therefor is also sustained by some substantial evidence.

We are of the opinion that the judgment should be affirmed. Such is the order.   Costs to respondent.

McCARTY, C. J., concurs.

STRAUP, J. (concurring).

In concurring I wish to add that what principally divides the parties on the merits is this:

The defendant contends that the evidence is insufficient to show essential terms of a contract between him and the plaintiff, or that the cottages were erected by the plaintiff at the instance and request of the defendant, and that the evidence shows that the cottages were erected by the plaintiff for the use and benefit of a corporation (the Sunshine Coal Company), of which the defendant was an agent, and

that the plaintiff's dealings with him were in such representative capacity. There is no substantial conflict in the evidence that the plaintiff built the cottages in accordance with an agreement between him and the defendant and for a price agreed upon between them. The controversy principally turns on the question of whether the cottages were built for the defendant or for the corporation. As to this the evidence is in conflict. The court, however, found that issue in favor of the plaintiff, and found that the defendant in letting the contract acted on his own behalf, and not as agent for any one, and that the obligation was his personal obligation, and that he did not disclose to the plaintiff that he was in any particular acting as an agent, and that the plaintiff had no knowledge that the defendant was acting as the agent or representative of any corporation, and in the making of the contract and in the doing of the work relied wholly upon the personal obligation and responsibility of the defendant. I think there is sufficient evidence to support this.