# BENEFICIAL LIFE INS. CO. v. MASON et al.

No. 6797.   Decided July 7, 1945.   (160 P. 2d 734.)

See 5 C. J. S., Appeal and Error, sec. 1930; 53 Am. Jur., 787.

*Thatcher & Young,* of Ogden, for appellant.

*Irvine, Skeen & Thurman,* of Salt Lake City, for respondent.

TURNER, Justice.

This is also an appeal on the judgment roll from only that portion of the judgment in favor of plaintiff and appellant's assignee, Rawl S. Rice, in which the trial court allowed only $50 as a reasonable attorney's fee, although there was uncontradicted testimony of a disinterested attorney to the effect that ten per cent of the amount found to be due, or the sum of $500, is a reasonable attorney's fee to be awarded.

With the exception of the plaintiff and its assignee, the same parties are involved in this case as those in the case of *Pearl B. Mason* v. *Wayne N. Mason et al.,* 108 Utah 428, 160 P. 2d 730, decided this date. The note and mortgage foreclosed in this action were originally made and executed by the parents, now deceased, of the defendants on May 15, 1928, for $5000. Following the demise of the parents, a son, Wayne N. Mason, and his wife, Pearl B. Mason, on February 16, 1938, made and executed to the Beneficial Life Insurance Company the renewal note and mortgage sued upon in this action.

This case was tried and submitted to the court on the same date the Pearl B. Mason case, supra, was, and as in that case, the trial court made and entered extensive findings of fact, conclusions of law and decree of foreclosure

in favor of the plaintiff's assignee, Rawl S. Rice, who is shown to have purchased the note, mortgage and cause of action from the Insurance Company after the commencement of this action. Notice of such purchase, the change of attorneys and that the action would be continued in the name of the original plaintiff, pursuant to our statute, was served and filed.

After finding all the material allegations of plaintiff's complaint true, the court concluded as a matter of law:

"That by reason of the defaults as found in these findings, the plaintiff, Beneficial Life Insurance Company, was entitled to and did pursuant to the terms of its note and mortgage, declare the entire principal and accrued interest immediately due, and that it was legally entitled to thereupon foreclose this mortgage."

However, in the course of its findings, after stating that at the trial an attorney testified in behalf of plaintiff that ten per cent of the amount found due is a reasonable attorney's fee, the trial court

"finds that $500.00 is not a reasonable attorney's fee"

and then inserted in pen and ink:

"The court specifically finds that but for the vindictiveness of Wayne N. Mason the matter could have and would have been settled completely for an attorney's fee of $50.00 and that under all of the attending circumstances the sum of $50.00 is a fair, just, reasonable and equitable amount to allow as and for attorney fee."

After a careful examination of the record before us, this case is disposed of by what we have said in the Pearl B. Mason case, supra. The case is therefore likewise remanded to the District Court with instructions to make and enter a finding as to what is a reasonable attorney's fee to be awarded the plaintiff for the use and benefit of the attorneys for their services in the case. If the trial court is of the opinion that the record relative to attorney's fees in the case is unsatisfactory or insufficient, it is authorized to take additional evidence on this subject.

The court then shall make and enter its finding as to what constitutes a reasonable attorney's fee in the premises and shall enter its conclusions and judgment in conformity with its finding; findings, conclusions and decree to be in harmony with this opinion. Costs to appellant.

McDONOUGH, J., concurs.

LARSON, Chief Justice (concurring).

I concur. See my concurring opinion in *Mason* v. *Mason,* 108 Utah 428, 160 P. 2d 730.

WADE, Justice (concurring in result).

I concur with the result. My reasons therefor are fully set out hereafter.

The following is taken from the findings of fact made by the court. The parts which I have italicized are in the handwriting of the judge; the other parts are typewritten:

"* * * That after the filing of said action and before trial, the said Beneficial Life Insurance Company *at the special insistance and request of Wayne N. Mason* sold, assigned, transferred and delivered said renewal note and mortgage and original note and mortgage to one Rawl S. Rice, who *purported to purchase the same with money provided by Wayne S. Mason, and who* ever since said time has been and still is the owner and holder thereof. * * *

"That at the time the said Rawl S. Rice purchased said note and mortgage, as hereinbefore set out, he paid to the Beneficial Life Insurance Company, as the purchase price thereof, the entire unpaid principal, interest, court costs accrued, and $50.00 attorney's fee for the payment of said attorney in commencing the foreclosure action, and that the said Rawl S. Rice *at the special instance and request of Wayne N. Mason* thereupon employed the firm of Thatcher and Young, attorneys, to appear in said cause and prosecute said action to its ultimate conclusion * * * an attorney at law, testified in behalf of plaintiff that in his opinion 10% of the amount found due and owing on said note and mortgage was and is a reasonable attorney's fee to be allowed the plaintiff herein, and that no evidence in opposition thereto was presented by defendants, and the court finds that $500.00 is *not* a reasonable attorney's fee for the services of the respective attorneys of record in this case * * *. *The Court specifically finds that but for the vindictiveness of Wayne N. Mason the*

*matter could and would have been settled completely for an attorney fee of $50.00 and that under all the attending circumstances the sum of $50.00 is a fair, just, reasonable and equitable amount to allow as and for attorney fees.*

"That the defendant Pearl B. Mason is now the record owner of said mortgaged lands and improvements but that the defendants William Mason * * * [and others] claim to be the owners of said property * * * by reason of the fact that the defendants Wayne N. Mason and Pearl B. Mason, his wife, have by written contract agreed to convey said premises to the defendants William Mason [etc.], * * * and that the latter named defendants have agreed in writing to assume and pay the note and mortgage herein sued upon * * *."

The court then found a contract made in the settlement of the estate of their father and mother, between the members of the Mason family, by the terms of which Wayne N. Mason and wife agreed to convey the real estate covered by the mortgage to the other defendants, and the other defendants agreed to convey to him other properties, but which deeds had not been delivered, and over which much trouble, some of which the court detailed, had occurred in the probate procedings after which the findings continued as follows:

"* * * On numerous occasions, defendant Wayne N. Mason, through his counsel, stated in open court that if the deeds did not conform strictly to the terms of the contract, that they were willing to execute a deed which would conform to the contract, and were at all times ready and willing to perform said agreement, *but has at all times and does at this time tender a deed insufficient to comply with the terms of said agreement or acceptable to the Court and the Court has so ruled in the estate matter.* The answering defendants permitted this mortgage which, under the terms of the agreement they agreed to assume and pay, to become delinquent, whereupon after several notices to defendants of its intention, plaintiff instituted this action. After the action was filed, defendant Glen S. Mason contacted plaintiff and asked if they could reinstate the loan by paying taxes, delinquent payments, costs, etc. Plaintiff refused to reinstate said loan, whereupon conversations were had relative to assigning said note and mortgage. Plaintiff stated that it would give Wayne N. Mason the first chance to pay off the obligation, *or assign the same to him* and if he did not do so, plaintiff would be willing to

assign the said note and mortgage to defendant Glen S. Mason upon his paying the total amount of principal, accrued interest, penalties, court costs, and $50.00 attorney's fees * * *. Thereafter Wayne N. Mason requested Rawl S. Rice, a friend and neighbor to purchase the note and mortgage. Rice is the owner of considerable property, but did not have available sufficient cash to purchase the same. Whereupon Wayne N. Mason, * * * at the request of Rice, drew a check on the account of Pearl B. Mason, payable to Rice, for the amount necessary to purchase said mortgage, and Rice thereupon executed and delivered to Wayne N. Mason a promissory note payable to Pearl B. Mason in and evidencing said loan * * *. The foregoing transaction was entered into by Rice at the suggestion and under the direction of Wayne N. Mason. That Rice paid his note to Pearl B. Mason before the trial of this action from his own funds."

The court expressly found that Rice is the owner and holder of the note and mortgage that he purchased it with funds furnished by Wayne N. Mason and gave a note to secure the repayment of those funds which he later paid in full out of his own funds. On the other hand the court called it a "purported purchase," found that in all his dealings, in purchasing the note and mortgage and in the foreclosure suit, Rice acted under Wayne N. Mason's direction. It is also made clear by the findings that the plaintiff at that time would not sell to any one except Wayne N. Mason or to someone else, at his request; in addition the court treats Wayne N. Mason as the owner by refusing to allow attorney's fees on account of his actions and state of mind. From these findings it seems clear that the court considered Wayne N. Mason the real owner of the note and mortgage; that the assignment to Rice was only for the purpose of prosecuting the suit; that the note and mortgage and the suit thereon were at all times under Wayne N. Mason's control; and that the repayment by Rice of the purchase money furnished by Mason was not a bona fide transaction but that there was an understanding between them that Mason was the real owner. I therefore think that it should be so considered rather than that there was a bona fide purchase by Rice.

In view of these interpretations, were the facts found sufficient to justify the court's refusal to allow plaintiff's

successor to recover a reasonable attorney's fee? I think not. The court found that

"but for the vindictiveness of Wayne N. Mason the matter could and would have been settled completely for an attorney fee of $50.00."

This is a very broad general finding. It does not point out anything that he did which he should not have done or anything that he should not have done which he did which prevented a settlement. Thus, it amounts to a mere finding that had he wanted to, or had he used more tact in his approach, he could have effected a settlement.

It is true that there is a finding that Glen S. Mason offered to purchase the note and mortgage from plaintiff, and that this was prevented by Wayne S. Mason. At the time of making this offer Glen S. Mason was obligated to pay the note and mortgage, not to purchase the same. Certainly Wayne was under no obligation to allow Glen, whose interests were adverse to his, to purchase the note and mortgage and continue the litigation to his detriment. There is also a further finding that Wayne, in the estate matter, had tendered a deed to the other defendants which the court therein had found to be insufficient to comply with the terms of the contract. But there is no finding that his failure to tender a sufficient deed was the reason why the other defendants had allowed the payments on the note and mortgage to become delinquent, or the reason for their failure to pay or tender payment of the note and mortgage before the attorney's fees had been earned. In the absence of such a finding I believe that the question of whether he was vindictive was immaterial. I therefore concur with the result.

WOLFE, Justice (concurring in result).

I concur in the result. The finding of vindictiveness is a conclusion of fact. As said in *Sandell* v. *Hoskins,* 104 Utah 50, 137 P. 2d 819, it is ofttimes difficult to draw a strict line between conclusions of fact and of law. In many cases they are mixed. For that reason this court will not be metic-

ulous in trying to determine the line if the conclusions of fact are partly embedded under a title of conclusions of law or if some conclusions of law are contained among or under the designation of conclusions of fact. The important thing is that an effort be made to separate them if they are severable and more important still that when both conclusions of fact and of law are reviewed there appears to be support for the judgment in the facts as found and in the law applicable to them. In this case we do not have a question of admixture but solely a question of whether there are sufficient facts found to support the conclusion that the plaintiff's assignee is entitled to only $50 attorney's fee.

Since this is an appeal on the judgment roll, without benefit of a transcript of the testimony, we should perhaps assume that there was evidence to support the finding of the court that

"but for the vindictiveness of Wayne N. Mason the matter could and would have been settled completely for an attorney's fee of $50.00 and that under all the circumstances the sum of $50.00 is a fair, just, reasonable and equitable amount to allow as and for attorney's fees."

There may be some doubt as to whether the court should not have further broken down its conclusion or finding of fact as to such matter into such findings so as to present facts from which it could be inferred that the vindictiveness of Wayne Mason did result in the necessity for greater attorney's fees. But there were findings reciting evidence relative to disputes and transactions between Wayne N. Mason and his co-defendants in this action over matters pertaining to and growing out of probate proceedings of their father's estate which perhaps throw some light on the conduct which the court characterizes as "vindictive." I agree with the opinion of Mr. Justice WADE that from the findings we must conclude that the court determined that Wayne Mason and not Rice was the real party plaintiff or party in interest. There is nothing inconsistent between a finding that a plaintiff is the legal holder of a note

and mortgage and entitled to foreclose and a finding that such plaintiff or one whom he actually represents acted in such fashion against the defendants prior to foreclosure that he is not entitled to recover as *against the defendants* his full attorney's fee. That does not mean that the attorneys may not collect from the owner of the mortgage the reasonable value of their services.

But granting that Mr. Justice WADE is correct in that conclusion, which I do, I cannot see how it follows that the matter of vindictiveness becomes immaterial. The very conclusions of the court show that it did not think such state of mind and action by Wayne Mason was immaterial. In fact, the court concluded that his actions based on vindictiveness resulted in the necessity of running up attorney's fees to $500. How then can it be said that

"the question of whether he was vindictive was immaterial?"

But I admit that it may be difficult to glean from the findings just how vindictiveness of Wayne Mason affected the defendants' rights. Under the conclusion of Mr. Justice WADE, the case should be treated as if there were not sufficient findings, and the record returned to the court with instructions to make more adequate findings from which I assume an appeal would again lie in which the whole record could be brought up. I see no great objection to that procedure and I therefore concur in the result.