## MASON v. MASON et al.

No. 6796.   Decided July 7, 1945.   (160 P. 2d 730.)

See 5 C. J. S., Appeal and Error, sec. 1930.

See also 108 Utah 437, 160 P. 2d 734.

*Thatcher & Young,* of Ogden, for appellant.

*Irvine, Skeen & Thurman,* of Salt Lake City, for respondent.

TURNER, Justice.

This is an appeal on the judgment roll from only that portion of the judgment in favor of plaintiff and appellant wherein the trial court allowed only the nominal sum of $1 as attorney's fee, in the face of uncontradicted testimony that a reasonable attorney's fee in the case is ten per cent of the amount of recovery, or ten per cent of $3900.50.

The parents of the defendants, William S. and Chloe N. Mason, on March 15, 1920, executed their promissory note to the Federal Land Bank of Berkeley for $5000, secured by a mortgage on certain real estate located in Box Elder County, Utah. Both parents later died and a son, Wayne N. Mason, was appointed administrator of the father's

estate. The complaint alleges that the note provided for its payment in sixty-eight semi-annual installments and that the mortgage provided, among other things, that in the event suit were instituted to foreclose "a reasonable attorney's fee, to be fixed by the court, shall be deemed part of the debt secured by said mortgage" and it is alleged in the complaint that plaintiff had agreed to pay her attorneys the sum of $500 which "is a reasonable sum to be allowed in this case."

It is further alleged that commencing with the month of March, 1939, neither the makers of the note and mortgage nor any other person paid the semi-annual installments nor the taxes lawfully assessed against the property which became due, and that on August 2, 1943, the defendant Wayne N. Mason paid to the bank to apply on delinquencies the sum of $600 and on October 4, 1943, the further sum of $744 which, when applied to the delinquent items, left an unpaid matured sum due of $398.53, no part of which had been paid; that before the filing of the action the Federal Land Bank transferred and assigned the note and mortgage to the plaintiff Pearl M. Mason and pursuant to the terms of the note and mortgage she, as holder thereof, declared the entire indebtedness immediately due and payable. Accompanying the complaint, plaintiff filed a petition and motion for the appointment of a receiver.

Answer to the complaint was duly filed by the defendants other than Wayne N. Mason in which it is alleged, among other things, that Wayne N. Mason, and not the plaintiff, his wife, is the real party in interest, and that any defaults which may exist are directly chargeable to him, and they then make offer to pay the amount of any installments due and owing up to the time the determination of the amount is made by the court.

Trial of the cause was had to the court, sitting without a jury, on July 6, 1944, following which, on August 28, 1944, the court made and entered its findings of fact, conclusions of law and decree of foreclosure in favor of plaintiff. The findings are extensive. They certainly are

sufficient foundation for conclusions justifying a judgment of foreclosure in favor of the plaintiff.

The findings support all the material allegations of the complaint, with the possible exception of the matter of attorney's fees. The finding relative to attorney's fees is made partially on the typewriter and partially in the handwriting of the trial judge. The nature and effect of this purported finding is vital to the problem presented by this appeal.

In paragraph 6 of the findings, the court found that before the filing of this action the Federal Land Bank of Berkeley sold, endorsed, transferred and assigned the note, together with the mortgage given as security therefor, to the plaintiff, and that she is now the owner and holder thereof. That pursuant to the terms of the note and mortgage, plaintiff, as holder thereof, has declared the entire indebtedness evidenced and secured by the note and mortgage to be immediately due and payable. It is then found that the unmatured principal amounts to $3428.60. Accrued interest from March 1, 1944, to April

| | |
|---|---:|
| 11, 1944 | $ 13.33 |
| Unpaid matured items | 398.53 |
| Interest on matured items | 7.95 |
| Total | $3848.41 |

In the next paragraph the court found that the mortgage provided for costs, legal expenses and a reasonable attorney's fee to be fixed by the court in case suit is instituted to foreclose the mortgage; that plaintiff had employed Thatcher & Young as her attorneys to prosecute this case and agreed to pay them a reasonable sum for their services; also, that Walter H. Mann, attorney at law, testified in behalf of plaintiff that in his opinion ten per cent of the amount found to be due and owing on the mortgage was and is a reasonable attorney's fee, and that no evidence in opposition thereto was presented.

Then appears the following:

"and the court finds that 10% of the amount due is a reasonable attorney's fee *under ordinary circumstances* for the services of the respective attorneys of record in this case."

These italicized words and the following were inserted in pen and ink by the court:

"But considering the equities in this case, the purpose for which this case was brought being vindictive in nature and the other interrelated matters, the court expressly finds the sum of one dollar to be a reasonable amount to be awarded plaintiff as and for attorney fees and that 10% is not a reasonable fee in this case."

The court thereafter in its findings sets forth many facts apparently reciting evidence relative to disputes and transactions between Wayne N. Mason and his brothers and sister defendants in this action over matters pertaining to or growing out of probate proceedings of their father's estate, but in view of the fact that the court found that Pearl B. Mason was and is the owner of the note and mortgage and that she was legally entitled to bring this action, and without finding any defense to her action, these special findings do not concern us on this appeal.

We shall turn our attention to the purported finding of the court:

"*But considering the equities in this case, the purpose for which this case was brought being vindictive in nature and the other inter-related matters,* the court expressly finds the sum of one dollar to be a reasonable amount to be awarded plaintiff * * *."

If this be a finding of fact to be used by the court as a foundation to rest a legal conclusion and judgment for an attorney's fee upon, it is certainly faulty. It is not only ambiguous, but inconsistent with the court's findings relative to the primary issue involved.

In *Evans* v. *Shand*, 74 Utah 451, 280 P. 239, this court held that a valid judgment must not only rest upon pleadings but upon findings. It is fundamental that findings of fact and conclusions of law must precede

entry of judgment. *Fisher* v. *Emerson*, 15 Utah 517, 50 P. 619; *Billings* v. *Parsons*, 17 Utah 22, 53 P. 730.

"It is fundamental that the conclusions of law must be predicated upon and find their support in the findings of fact, and the judgment must follow the conclusions of law"

and if the conclusions are at variance with the findings, the Supreme Court will order the lower court to set aside its erroneous conclusions and substitute correct ones therefor. This is the law as announced in *Parrott Bros. Co.* v. *Ogden City*, 50 Utah 512, 167 P. 807. And, again, we find in *Brittain* v. *Gorman*, 42 Utah 586, 133 P. 370, that conclusions of law must be based upon facts and must be considered with the facts, and in like fashion the court's decree must rest upon legal conclusions and be consistent with them. A judgment, if in conformity with the findings, will not be disturbed. And, of course, the converse is true. A judgment not in conformity with the findings cannot be permitted to stand.

We therefore hold that the trial court's judgment respecting attorney's fees is inconsistent with the rest of its judgment and as it is unsupported by valid findings, it must be vacated and set aside.

Our statute, Sec. 104-55-9, U. C. A. 1943, provides:

"In all cases of *foreclosure* by proceedings in court the attorneys' fee shall be fixed by the court in which the proceedings of foreclosure are had, any stipulation in the mortgage to the contrary notwithstanding."

We have had but few occasions to construe this section. Among them is the case of *Kurtz* v. *Ogden Canyon Sanitarium Co. et al.*, 37 Utah 313, 108 P. 14, 18, in which it was said:

"The contention that the court erred in overruling appellants' objection to the testimony relating to the attorney's fee is untenable. Under our statute (section 3505), the matter of allowing attorney's fees in foreclosure cases is, to a large extent, left to the discretion of the court. The court has a right to fix the fee at a lesser sum

regardless of a stipulation for a larger one. The court, therefore, was authorized to hear the testimony of other attorneys to aid it in fixing a reasonable fee.

"The assertion that the court erred in allowing any attorney's fee is without merit. The note for $16,341.44 expressly provided for an attorney's fee of 10 per cent. We can see no more reason for denying an attorney's fee in this case than in any other of foreclosure. This objection must be overruled."

In the case of *Jensen* v. *Lichtenstein et al.*, 45 Utah 320, 145 P. 1036, 1038, it was said:

"In such proceedings [foreclosure suits], however, the trial court cannot escape the responsibility of determining and declaring what amount shall be allowed as an attorney's fee, regardless of any stipulation of the parties upon that subject that may be contained in either the note or mortgage. *By a 'reasonable fee,' no doubt, is meant one which is reasonable under all the facts and circumstances of each case. What is reasonable, therefore, in a large measure at least, must depend upon the amount in controversy, the labor, and responsibility imposed upon the attorney in obtaining judgment, as these things may have arisen from the issues presented and tried.* If an attorney is required to do no more than to prepare the formal pleadings and decree in a default case, a smaller sum, no doubt, would be reasonable, than in a contested case, and especially in one where the issues were numerous and where intricate questions of both fact and law arose and had to be determined. It should not be assumed by the court that, simply because the parties have named 10 per cent, or any other amount, in either the note or mortgage, that that is the amount that should be allowed. The trial courts, in each case, become familiar with all the issues, know just what the facts and circumstances developed at the hearing are, and thus are in a position to arrive at an intelligent and just conclusion respecting the amount that should be allowed as the reasonable fee contemplated by our statute. In case, however, the court has insufficient data upon which to base a finding, or even though he has such data, he may nevertheless, as pointed out in *Kurtz* v. *Sanitarium Co.*, [supra], 37 Utah 313, 108 P. 14, call to his assistance atttorneys engaged in the practice and take their judgment under oath respecting the amount that would be reasonable in any given case.  *  *  *" (Italics added.)

In view of the court's conclusion of law that plaintiff was entitled to and did, pursuant to the terms of the note and

mortgage, declare the entire principal and interest immediately due, and that she was legally entitled to ■ thereupon foreclose this mortgage, the contract for a reasonable attorney's fee in the event of foreclosure must be recognized.

In a mortgage foreclosure suit, where the court finds in favor of the plaintiff granting a decree of foreclosure and where the note and mortgage sued upon provide for a reasonable attorney's fee, and such facts are properly pleaded and on the trial are supported by competent evidence, it follows as a matter of course that the court must find what is a reasonable attorney's fee and include such amount in its judgment.

In *Equitable Life Assur. Soc. of United States* v. *Boothe,* 160 Or. 679, 86 P. 2d 960, it was held that where a mortgage provided that the holder should be entitled to recover attorney's fees if suit were brought to en- ■ force collection of the note and mortgage, the right to recover a reasonable attorney's fee accrued when suit to foreclose was commenced. It is well established that to justify a finding of a reasonable attorney's fee, there must be evidence in support of the finding. In *Jardine* v. *Hawkes,* 44 Idaho 237, 256 P. 97, the court held a "reasonable amount" for attorney's fee must be proved.

This case is therefore remanded to the District Court with instructions to make and enter a finding as to what is a reasonable attorney's fee to be awarded the plaintiff for the use and benefit of her attorneys for their services in the case. If the trial court is of the opinion that the record relative to attorney's fees in the case is unsatisfactory or insufficient, it is authorized to take additional evidence on this subject. The court then shall make and enter its finding as to what constitutes a reasonable attorney's fee in the premises and shall enter its conclusion and judgment in conformity with its finding, the findings, conclusions and decree to be in harmony with this opinion. Appellant to recover her costs.

McDONOUGH, J., concurs.

LARSON, Chief Justice (concurring).

I concur. There is one further thought I believe should be added. While in certain cases the court may deny the plaintiff in foreclosure the right to recover attorney's fee against the judgment debtor, because plaintiff has been guilty of conduct which has interfered with and prevented the mortgagor from paying off the mortgage, such conduct does not affect the question of what is a reasonable fee for the services rendered by an attorney. It merely affects the amount of such fee which may be taxed against the judgment debtor. So here, if there was any misconduct it was on the part of Pearl B. Mason, and not on the part of her attorney. If the court had been justified in holding that plaintiff had been guilty of such conduct as to make it unconscionable to allow her to tax attorney's fees against the debtor, he should not have found as he did that one dollar was a reasonable attorney fee for the services rendered in the foreclosure but should have found that while 10% of the amount due and owing was a reasonable attorney fee, plaintiff, because of her conduct, could only recover against the debtor the sum of one dollar as attorney's fee.

WOLFE, Justice (concurring in result).

I concur with the result for the reasons stated in my concurring opinion in the case of *Beneficial Life Ins. Co.* v. *Mason,* 108 Utah 437, 160 P. 2d 734.

WOLFE, Justice ( concurring in result).

I concur in the result for the reasons stated in my opinion in the case of *Beneficial Life Ins. Co.* v. *Mason,* 108 Utah 437, 160 P. 2d 734.