17 Utah 2d 80 (1965)
404 P.2d 670
F.M.A. FINANCIAL CORPORATION, A CORPORATION, PLAINTIFF AND RESPONDENT,
v.
BUILD, INC., A CORPORATION, ET AL., DEFENDANTS AND APPELLANTS.
No. 10292.
Supreme Court of Utah.
August 10, 1965.
Horace J. Knowlton, Salt Lake City, for appellants.
Moyle & Moyle, Hardin A. Whitney, Jr., Salt Lake City, for respondent.
CROCKETT, Justice.
F.M.A. Financial Corporation sued Build, Inc., on a note and to foreclose a mortgage which the latter had given to the plaintiff's assignor, Cook Realty Company, in payment of commission on a real estate transaction. The defense asserted in the defendant's answer was lack of consideration. Upon the basis of the pleadings, the documentary evidence, the deposition of the defendant's manager, and two affidavits, the District Court granted plaintiff's motion for summary judgment. Defendant appeals.
For practical purposes the defendant can be regarded as Richard J. Stromness, who owns substantially all of its stock, and is its managing officer. The evidence as set forth in his deposition and the affidavits shows rather fully the defendant's position in defense of the action. The trial court concluded that in spite of anything contended for by the defendant, the plaintiff was entitled to judgment as a matter of law. The granting of the summary judgment under those circumstances had the salutary effect of saving the time, effort and expense which would have been involved in having a trial, which could have served no useful purpose.[1]
August 3, 1959, Mr. Stromness listed with Cook Realty Company an apartment house located at 32 West Seventh South Street, Salt Lake City, Utah, agreeing to pay a commission of 5% of the sale price. December 19, 1959, through the efforts of Cook he entered into an "Earnest money receipt and exchange agreement" to sell the apartment house to Mr. & Mrs. Owen E. Conrad for $77,500.00 and received from them a duplex valued at $25,000.00 as a down payment. To pay Cook's commission of $3875.00 defendant executed a promissory note in that amount, and as security gave a mortgage on the duplex it had received as a down payment. The note provided for monthly payment of $50.00 each, only four of which were paid. Thereafter Cook assigned the note and mortgage to the plaintiff and no further payments having been made, this action was commenced.
In support of its defense of failure of consideration defendant asserted that within 60 days after the sale of the apartment house, the buyers, Mr. and Mrs. Conrad became dissatisfied with the transaction, abandoned the property, and brought suit to rescind the purchase contract. It alleges that this was a result of certain misrepresentations made about the property by the plaintiff's assignor, the Cook Realty Company, and that this abandonment by the buyer constituted a failure of consideration for the note given for the commission. This contention is defeated by the facts brought out on Mr. Stromness' deposition. He successfully defended against the suit brought by the Conrads to rescind the contract of purchase. It thus appears that there was no actionable misrepresentation either by Stromness or by Cook. Further, at the time of this suit the defendant still held the duplex property which he had taken as a down payment; he had continued to collect the rents therefrom; and had enjoyed all of the benefits connected with the ownership thereof.
It is indeed the obligation of the real estate broker to produce a buyer willing and able to purchase the property who enters into an agreement to do so; and that this be done without any dishonesty, fraud or misrepresentation which will leave the seller vulnerable to a loss of his bargain. But that is the extent of his obligation and when it is done he cannot be held to be an insurer against the possibility that the buyer may become dissatisfied with his bargain and bring a lawsuit claiming the right of rescision.[2]
Defendant made belated attempts to interpose other defenses: accord and satisfaction; account stated; and laches, none of which had been asserted in its answer. We think the trial court was justified in regarding them as without merit. Under Rule 8(c) U.R.C.P. these are classified as affirmative defenses which are required to be stated in the answer. The failure to plead such an affirmative defense generally results in its exclusion as an issue in the case.[3] But we agree that this rule is not so sacrosanct as to be inviolable. If the interests of justice so require and the opposing party is given a fair opportunity to meet such a defense, the trial court may permit the issue to be tried.[4] In this instance, even though these claims of defense were not pleaded nor otherwise properly made issues in the case, it appears from the record that the trial court nevertheless gave consideration to and made findings adverse to the defendant on each of them.
The plaintiff's claim of accord and satisfaction is premised on a statement which it avers that Mr. Cook (of Cook Realty) made to Mr. Stromness in talking over the difficulties the latter was having with the sale: "Richard, make one more payment today, and let's forget the whole thing" and that defendant made such a payment. The general rule, and the rule which this court has followed, is that where a claim is for a definite and undisputed amount which is past due, an agreement by the creditor (Cook) to take a lesser amount, which is paid, does not discharge the whole debt. This is so because the creditor receives only what he is entitled to and there is no consideration for the new agreement.[5]
It is true that the modern trend is to be cautious about rigidly applying this rule and that courts are generally somewhat indulgent toward finding consideration somewhere in the new arrangement, such as that it was to settle a dispute, or that there is some advantage to the creditor in accepting the lesser amount, where the unreasoning adherence to the rule might result in inequity.[6] But we perceive nothing in this case to persuade us that the trial court was wrong in failing to so judge this situation. In fact the contrary appears. Accepting the defendant's argument would result in giving him the duplex he received as a down payment, together with the other benefits of the sale and relieve him of his obligation to pay the agreed commission.
The defense of account stated has no application where, as here, there is a definite and undisputed amount on this promissory note.[7]
Neither is the defense of laches of any avail to the defendant. Sec. 78-12-23, U.C.A. 1953, which provides for a six year statute of limitations on obligations in writing is applicable to the promissory note and to the mortgage.[8] It had two years yet to run when this action was commenced. Even though the foreclosure action is equitable in nature, it is the practically invariable rule that laches cannot be a defense before the statutory limitation has expired.[9] In view of this fact, the dispute as to whether the defendant did or did not receive statements from the Cook Realty is not of critical concern. This is the answer to defendant's contention that the summary judgment should not have been granted because of the disagreement about that fact. Mere dispute as to some question of fact does not preclude the granting of summary judgment. The issue in dispute must be one which is material in the sense that resolving it is necesary to determine the legal rights of the parties.[10]
There is merit in the defendant's challenge of the award of $775.00 attorneys fees to the plaintiff without any evidence or stipulation in the record with respect thereto. The plaintiff argues that this award is justified because of an "advisory schedule of fees and charges" published by the Salt Lake County Bar Association. It is fundamental that the judgment must be based upon findings of fact, which in turn must be based upon the evidence. This rule has been followed by this court and other jurisdictions in regard to awarding attorneys fees.[11] Because both judges and lawyers have special knowledge as to the value of legal services, this is not always required to be proved by sworn testimony. It is sometimes submitted upon stipulation: as to the amount; or that the judge may fix it on the basis of his own knowledge and experience; and/or in connection with reference to a Bar approved schedule. Any one of these would have provided an evidentiary basis for making the determination. However, it was an issue of fact which was denied. Thus it was a part of the plaintiff's case to which it had the burden of proving. Failing to offer proof of any character on this issue had the same effect as would the failure to offer proof as to any other controverted issue. There is nothing upon which to base a finding. The defendant's objection that the finding as to attorneys fees is not supported by any evidence is well taken and the judgment must be corrected in that particular.
Affirmed, except as to the modification indicated. The parties to bear their own costs.
McDONOUGH, WADE and CALLISTER, JJ., concur.
HENRIOD, C.J., concurs in the result.
NOTES
[1] See statement in Brandt v. Springville Banking Co., 10 Utah 2d 350, 353 P.2d 460, 462.
[2] See Diamond v. Haydis, 88 Ariz. 326, 356 P.2d 643 (1960); White & Bollard, Inc. v. Goodenow, 58 Wash.2d 180, 361 P.2d 571 (1961); Moore v. Turner, 137 W. Va. 299, 71 S.E.2d 342, 32 A.L.R.2d 713 (1952); Restatement, Agency (second), Section 445, comment d. (1958).
[3] See 1A Barron & Holtzoff, Federal Practice & Procedure, section 279 at 166 (Rev. ed. 1960).
[4] See Cheney v. Rucker, 14 Utah 2d 205, 381 P.2d 86 (1963).
[5] See Ralph A. Badger & Co. v. Fidelity Building & Loan Ass'n, 94 Utah 97, 75 P.2d 669 (1938); Gray v. Bullen, 50 Utah 270, 167 P. 683 (1917); Restatement, Contracts, section 417, comment c. (1932).
[6] See 1 Am.Jur.2d, Accord & Satisfaction, section 35.
[7] See Edwards v. Hoevet, 185 Or. 284, 200 P.2d 955, 6 A.L.R.2d 104 (1948); Moore v. Bartholomae Corp., 69 Cal. App.2d 474, 159 P.2d 436 (1945); Williston, Contracts, Section 1863 (Rev. ed. 1938).
[8] See Crompton v. Jenson, 78 Utah 55, 1 P.2d 242 (1931), which deals with 104-2-22 U.C.A. 1943, which is substantially the same as 78-12-23, U.C.A. 1953.
[9] See Wesselman v. Engel Co., 309 N.Y. 27, 127 N.E.2d 736 (1955) and cases therein cited; McKinnon v. Bradley, 178 Or. 45, 165 P.2d 286 (1946); Gould v. McKillip, 55 Wyo. 251, 99 P.2d 67, 129 A.L.R. 1427 (1940).
[10] Christensen v. Financial Service Co., 14 Utah 2d 101, 377 P.2d 1010 (1963).
[11] Beneficial Life Ins. Co. v. Mason, 108 Utah 437, 160 P.2d 734 (1945); Mason v. Mason, 108 Utah 428, 160 P.2d 730 (1945); Crouch v. Pixler, 83 Ariz. 310, 320 P.2d 943 (1958).