433 P.2d 1

Donald L. STEADMAN and Donna B. Stead-
man, his wife, and Norma E. Steadman,
Plaintiffs and Respondents,

v.

LAKE HILLS, a corporation, and M. M. Mer-
rill, and Lester M. Johnson and Johnson
Enterprises, Inc., successors in interest,
Defendants and Appellants.

No. 10779.

Supreme Court of Utah.

Oct. 27, 1967.

Herschel J. Saperstein, Ralph J. Marsh, Backman, Backman & Clark, Salt Lake City, for appellants.

Parsons, Behle, Evans & Latimer, Stewart M. Hanson, Jr., Salt Lake City, for respondents.

TUCKETT, Justice:

This action was commenced by the plaintiffs to foreclose a mortgage. From a judgment awarding attorney's fees to the plaintiffs, the defendants appeal to this court. The judgment is affirmed.

On April 15, 1954, the defendant Lake Hills, a corporation, made and executed a promissory note payable to the plaintiffs. The note was secured by a mortgage of even date in the sum of $142,000. The note and mortgage provided for installments of $15,800, payable on the 15th day of April of each year thereafter. By the terms of the note and mortgage the defendant Lake Hills agreed to pay a reasonable attorney's fee in the event of default or of foreclosure. At about the same time the above named defendant also executed a deed which was deposited with Walker Bank & Trust Company, as escrow agent. The escrow agreement provided that upon failure of the buyer to pay any installment when due, or within 30 days thereafter, the deed would be delivered to the seller upon demand.

The defendant Lake Hills failed to make payment of the installment due on April 15, 1961. At that time the defendant had also failed to pay the taxes for the years 1955 through 1961. On April 20, 1961, the plaintiff elected to commence foreclosure proceedings. The matter proceeded to trial on December 7, 1961, and on December 15, 1961, the lower court entered a minute order which provided as follows:

* * * finds that upon receipt by the Plaintiff of the check in the amount of Fifteen Thousand Eight Hundred Dollars ($15,800.00) now held in trust, the Court orders judgment entered in favor of the Defendants and each of them as "no cause for action." The Court further orders said check be delivered within thirty (30) days.

The court failed to enter findings of fact, conclusions of law or a decree based upon

the minute entry. Proposed findings and conclusions were submitted to the court by counsel. At a time subsequent to the trial and the entry of the minute order above mentioned the defendant Lake Hills filed a petition in voluntary bankruptcy and as a result of those proceedings on September 10, 1964, Lester M. Johnson and Johnson Enterprises, Inc., succeeded to the interests of Lake Hills. Thereafter the successors in interest made installment payments due under the note and mortgage. Prior to the last installment payment the plaintiffs filed an amended and supplemental complaint setting up their claim for attorney's fees.

On April 15, 1966, pursuant to a stipulation of the parties, it was agreed the case would be dismissed with prejudice, reserving only the issues as to what attorney's fees, if any, were to be paid to the plaintiffs. The defendants had deposited with the court the sum of $5,000 to abide the order of the court in respect to said fees.

. The issue of attorney's fees came on for trial on September 23, 1966, before a judge other than the one who had heard the matter in December, 1961. The court found that the plaintiffs were entitled to attorney's fees and awarded the sum of $3500 to them.

■■■■ The defendants challenge the right of the plaintiffs to attorney's fees and

have appealed to this court. The defendants claim that the ruling of the court in the original proceeding "no cause for action" was decisive on the issue of attorney's fees. At the conclusion of the first hearing and after the entry of the first minute order in December, 1961, the defendants had an obligation to see to it that proper findings of fact, conclusions of law and a decree were entered in the cause. There being no entry of findings, conclusions or decree there was no final decision of the court and the issue of attorney's fees was still to be determined.[1] The record indicates that the defendants elected by their stipulation to go to trial on the issue of attorney's fees rather than proceeding to have a final judgment entered pursuant to the first hearing. If the defendants' contention that the first minute order of the court did in fact preclude an award of attorney's fees it was incumbent upon them to pursue a procedure which would have insured an entry of judgment in their favor upon that issue.[2]

■■■ It appears from the record that at the time the action was filed in the court below the defendants were in default in the payment of the installment then due and for failure of the defendants to pay the taxes for several years or at least to have the taxes abated. The defendants being in default the plaintiffs were within their

---

1. Rule 58A(b) U.R.C.P.; Hartford Accident & Indemnity Co. v. Clegg, 103 Utah 414, 135 P.2d 919.

2. F. M. A. Financial Corp. v. Build Inc., 17 Utah 2d 80, 404 P.2d 670.

rights to proceed to foreclose the mortgage and they elected to take that procedure. We are of the opinion that the decision of the court below to the effect that the plaintiffs are entitled to attorney's fees is correct and the court's findings as to the amount of said fees being based on competent evidence should be affirmed. The judgment of the court is affirmed. Costs to the plaintiffs.

CROCKETT, C. J., CALLISTER and HENRIOD, JJ., and CHARLES G. COWLEY, District Judge, concur.

ELLETT, J., being disqualified, does not participate herein.