434 P.2d 758

**Sumner J. HATCH and Robert M. McRae, Plaintiffs and Respondents,**

v.

**SUGARHOUSE FINANCE COMPANY, a Utah corporation, Defendant and Appellant.**

No. 10807.

Supreme Court of Utah.

Dec. 1, 1967.

Beaslin, Nygaard, Coke & Vincent, Bruce E. Coke, Salt Lake City, for appellant.

L. E. Richardson, Salt Lake City, for respondent.

TUCKETT, Justice:

The plaintiffs, attorneys at law practicing in Salt Lake City, filed their complaint in the court below seeking to recover for services rendered defendant together with expenses and out-of-pocket expenditures advanced by them in connection with the services.

The plaintiffs billed the defendant for out-of-pocket expenditures in the sum of $980.10, and $250 for appearances before the Grand Jury in Salt Lake County on behalf of officers and agents of the defendant. The plaintiffs also billed the defendant for 244 hours of services at the rate of $25 per hour, making a total of $6100. In addition thereto the billing also included a $2000 item for various and sundry conferences with officers of the de-

fendant and others and services performed on weekends and after hours for which no time record was kept.

The plaintiffs moved the court for a summary judgment based upon requests for admissions and affidavits reciting the above facts. The defendant by its answer and by affidavits filed in opposition to the plaintiffs' motion for a summary judgment, does not claim that services were not in fact rendered, it does claim that the plaintiffs charged for services which were unnecessary and that the amount charged by the plaintiffs was unreasonable, and not based upon an understanding between the parties. It is fair to say that the defendant by its pleadings attempted to put the plaintiffs to their proof both as to the quantity of the services rendered and the reasonable value thereof.

The court, after a hearing upon the motion of the plaintiffs for a summary judgment at which time no evidence was introduced, took the matter under advisement and thereafter granted the plaintiffs' motion. It is evident that the court after considering the pleadings of the parties and the affidavits supporting the parties' contentions determined that there was no genuine issue of fact which would necessitate a trial.

■■ We are of the opinion that there was an issue of fact raised by the pleadings and the counteraffidavit of the defendant in opposition to the plaintiffs' motion for a summary judgment and that the defendant is entitled to have its day in court in respect to the quantity and the reasonable value of the services rendered by the plaintiffs.[1] Rule 56, U.R.C.P., should not be used where there are issues of fact in dispute.

The judgment of the court below is reversed and the matter is remanded for a trial upon the merits. Costs to the defendant.

CROCKETT, C. J., and CALLISTER, J., concur.

ELLETT, Justice (concurring in the result).

I concur in the result but desire to add the following:

The main opinion says:

\* \* \* It is fair to say that the defendant by its pleadings attempted to put the plaintiffs to their proof both as to the quantity of the services rendered and the reasonable value thereof.

An *attempt* to raise an issue is not grounds to withstand a motion for summary judgment when facts are set forth in affidavit

1. Dupler v. Yates, 10 Utah 2d 251, 269, 351 P.2d 624; James v. Homaker Drilling, Inc., 10 Cir., 254 F.2d 702, 706.

form which facts would be admissible in evidence at trial and sufficient to show that no genuine issue of fact remains to be tried. U.R.C.P. 56(c) and (e). We should look to plaintiffs' affidavit to see if it meets this standard. The joint affidavit of the plaintiffs insofar as it refers to reasonable value of services rendered is as follows:

> * * * that the sum of $6,100.00 for reported hours spent, being 244 hours at $25.00 per hour is within the schedule of attorney's fees accepted in the County of Salt Lake, State of Utah. * * *

This statement of a fact is not sufficient to sustain a summary judgment where issues are raised by the pleadings because the court must still determine whether $25 per hour is. a reasonable charge even assuming that the approved bar schedule of fees does say that a lawyer should charge $25 per hour for his services.

In their brief plaintiffs argue:

> * * * With these considerations, with the Court's own ability to assess values of services, * * * plaintiffs submit it was well within the province of the District Court to evaluate plaintiffs' claim and approve it. * * *

The court cannot evaluate evidence on summary judgment, and even at trial the court cannot fix an attorney's fee except where evidence has been introduced on the matter or a stipulation entered into by the parties as to how the judge may determine it. See F. M. A. Financial Corporation v. Build, Inc., 17 Utah 2d 80, 404 P.2d 670; Hurd v. Ford, 74 Utah 46, 276 P. 908.

When the relationship between a lawyer and his client has deteriorated to a point of litigation, more than a mere dispute between ordinary litigants is involved. The good will between lawyers and the public is always affected to some degree when a suit is filed.

It is generally held that only a lawyer can know the value of legal services rendered, and it would seem that no great inconvenience to a plaintiff lawyer would result in having proof made in open court as to the reasonable value of his services rendered, where he would be subject to cross-examination and where other witnesses may offer contradictory evidence. Certainly the client must feel better if the fee is fixed upon evidence given in court rather than by fiat of the lawyer.

HENRIOD, J., not participating.