**Shirley DELATORE, Plaintiff and Respondent,**

v.

**Gilbert DELATORE, Defendant and Appellant.**

**No. 18625.**

Supreme Court of Utah.

Feb. 21, 1984.

Mark S. Miner, Salt Lake City, for defendant and appellant.

Glen M. Richman, Carolyn Driscoll, Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

This is an appeal by the defendant from a decree which divorced him from the plaintiff. He contends that the trial court erred in awarding the plaintiff alimony and attorney's fees.

Both parties had been previously married and both had children from those marriages. No children were born as issue of this marriage. The parties separated on several occasions primarily because of conflicts with one of defendant's children who lived with them. After three and one-half years of marriage, the parties permanently separated and plaintiff brought this action for a divorce.

The defendant assails the award to the plaintiff of $200 per month alimony for a period of 24 months. He argues that because the marriage was of short duration and the plaintiff was employable, no award of alimony in any amount should have been

made. We find no abuse of discretion. While the plaintiff was found to be employable and in fact had been employed during part of the marriage, she was at the time of the trial unemployed and suffering from several health problems. During the marriage one of her kidneys had to be removed. She was under doctor's care at the time of trial for disorders in the other kidney and her stomach. She had no medical or hospital insurance. She had no place of her own to live and was residing with one of her children. She anticipated obtaining employment but at her last job had earned only $4.25 per hour. The award of $200 per month as alimony for two years appears to have been given to cushion her return to employment and self-sustaining status. On the other hand, defendant had been employed with the same employer for 34 years, had gained valuable seniority and at the time of trial was making approximately $27,200 annually in gross wages. In addition, he had minor sources of additional income from the sale of property and rents. Under these facts, the award of alimony for two years was well within the ambit of the trial court's discretion.

■ Secondly, the defendant complains that it was error for the trial court to award plaintiff $1,000 attorney's fees because the record is devoid of any evidence or testimony that that was a reasonable amount. We agree. The only reference in the record to attorney's fees which has been cited to us by the plaintiff are statements made by her counsel in his opening statement and in his closing argument that he was requesting $1,500. Those statements were insufficient. We said in *Butler v. Butler*, 23 Utah 2d 259, 461 P.2d 727 (1969), "This Court has consistently held that an attorney's fee may not be awarded where there is nothing in the record to sustain the award, either by way of evidence or by stipulation of the parties as to how the court may fix it." That rule is supported by *Kerr v. Kerr*, Utah, 610 P.2d 1380 (1980); *Hatch, et al., v. Sugarhouse Finance Co.*, 20 Utah 2d 156, 434 P.2d 758 (1967); *Brasher Motor and Finance Co. v. Anderson*, 20 Utah 2d 104, 433 P.2d 608

(1967); *Steadman v. Lake Hills*, 20 Utah 2d 61, 433 P.2d 1 (1967); *FMA Financial Corp. v. Build, Inc.*, 17 Utah 2d 80, 404 P.2d 670 (1965); *Beneficial Life Insurance Co. v. Mason*, 108 Utah 437, 160 P.2d 734 (1945); *Mason v. Mason*, 108 Utah 428, 160 P.2d 730 (1945); *Hurd v. Ford*, 74 Utah 46, 276 P. 908 (1929). In *FMA Financial Corp. v. Build, Inc.*, supra at 673-674, this Court reversed an award of attorney's fees because there was no evidence or stipulation in the record with respect to it. There we said:

> However, [what would be a reasonable amount of attorney's fees] was an issue of fact which was denied. Thus it was part of the plaintiff's case to which it had the burden of proving. Failing to offer proof of any character on this issue had the same effect as would the failure to offer proof as to any other controverted issue. There is nothing upon which to base a finding. The defendant's objection that the finding as to attorney's fees is not supported by any evidence is well taken and the judgment must be corrected in that particular.

In *Kerr v. Kerr*, supra, we remanded a divorce decree for reconsideration by the trial court of the amount awarded as attorney's fees. There, counsel for the plaintiff had testified as to the number of hours spent by him and his associate and that he charged an hourly rate of $90.00 for himself and $50.00 for his associate. We reversed the award because there was no evidence that the attorney's fees were reasonable. We said:

> Neither does the evidence reflect any attempt to characterize the requested award as reasonable. Testimony regarding the necessity of the number of hours dedicated, the reasonableness of the rate charged in light of the difficulty of the case and the result accomplished, and the rates commonly charged for divorces in the community, is conspicuously absent.

*Kerr v. Kerr*, supra at 1394.

The plaintiff urges that since the award of attorney's fees was not challenged at

the time of trial, this Court should not address that issue for the first time on appeal. This argument overlooks that the burden was on the plaintiff to provide the proper evidentiary basis for the award. There was no burden on the defendant at trial to challenge the award when no evidence was presented on that subject by the plaintiff. Indeed, the award was not made until after both parties had presented their evidence and the court made its ruling on the various issues. The trial was then over and there was no opportunity for the defendant to object.

The decree of divorce is affirmed except the award of attorney's fees to the plaintiff is stricken. Each party to bear his or her own costs on appeal.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.