VOROS, Judge
(concurring in the result):
¶ 16 I concur in the judgment of the court but on an alternative ground. See Bailey v. Bayles, 2002 UT 58, ¶ 10, 52 P.3d 1158 (“[A]n appellate court may affirm the judgment appealed from if it is sustainable on any legal ground or theory apparent on the record....” (citation and internal quotation marks omitted)). I would affirm on the ground that Mother’s claim is barred by section 78B-12-214 of the Utah Code.
¶ 17 Section 214 provides, “In the absence of a court order to the contrary, the parent [who incurs childcare expenses] shall notify the other parent of any change of child care provider or the monthly expense of child care within 30 calendar days of the date of the change.” Utah Code Ann. § 78B-12-214(2)(b)(ii) (LexisNexis 2012). A parent who fails to comply with this requirement “may be denied the right ... to recover the other parent’s share of the expenses.” Id. § 78B-12-214(3).
¶ 18 The district court found that “there was nothing presented to the Court indicating that any increased child care expense was ever communicated” to Father. Mother thus did not, to paraphrase section 214, notify Father of the change in the monthly expense of child care within 30 calendar days of the date of the change. This failure to notify satisfies section 214’s factual predicate. In addition, the court determined that Mother should be denied the right to recover Father’s share of expenses incurred before April 2005. Therefore, although the district court found section 214 persuasive rather than dispositive, I would affirm its judgment under that section.
¶ 19 This resolution of the appeal is, I believe, the most straightforward and analytically sound. For example, it would allow us to sidestep the analysis required by F.M.A, Financial Corp. v. Build, Inc., 17 Utah 2d 80, 404 P.2d 670, 672 (1965), referring to “the practically invariable rule that laches cannot be a defense before the statutory limitation has expired,” and Insight Assets, Inc. v. Farias, 2013 UT 47, ¶ 18, 321 P.3d 1021, holding that “that rule is not absolute.” In addition, it is not crystal clear to me that Insight Assets permits application of the doctrine of laches in this case; that opinion states that “[t]he doctrine of laches may apply in equity, whether or not a statute of limitation also applies and whether or not an applicable statute of limitation has been satisfied.” Id. (alteration in original) (emphasis added) (citation and internal quotation marks omitted). The emphasized language requires us, I believe, to resolve whether the district court here applied the doctrine of laches “in equity.” I am not confident that it did. But I am confident that section 214 authorized the district court’s judgment. I would therefore affirm on that ground.