Ronald P. JENKINS, Plaintiff,

v.

Ronald L. BAILEY, Defendant, Third-Party Plaintiff and Appellant,

v.

ZION REALTY, Dixie Realtors, and David Limbacher, Third-Party Defendants, Counter-Claimants and Respondents,

v.

Mike EAGER and Ronald P. Jenkins, Third-Party Defendants.

No. 18536.

Supreme Court of Utah.

Jan. 12, 1984.

Michael D. Hughes, St. George, for Bailey.

Scott J. Thorley, Cedar City, for Zion Realty & Limbacher.

Michael W. Park, Cedar City, Gary Pendleton, St. George, for Jenkins.

HOWE, Justice:

This is a breach of contract case in which defendant Ronald L. Bailey appeals, contending the trial court erred in (1) refusing to award him attorney's fees after finding that Zion Realty and David Limbacher, third-party defendants, had breached the contract; and (2) awarding fees against him on Zion and Limbacher's counterclaim.

Bailey bought a service station lot from plaintiff Jenkins, who reserved the right to later remove certain signposts which he left on the property. Bailey subsequently sold the property to Zion and Limbacher, writing by hand on the Earnest Money Receipt and Offer to Purchase that he did not own the signposts. Bailey also later told Limbacher that the signposts belonged either to Texaco or to Jenkins. Nonetheless, Zion and Limbacher relocated the signposts on the property and cemented them into the ground. When, after demand, Bailey was unable to return the signposts to Jenkins, the latter brought this action. Bailey admitted liability and joined Zion and Limbacher as third-party defendants. They counterclaimed against Jenkins for conversion of a cross-beam which had been used to connect the signposts, and against Bailey for converting a sign panel which had been sold with the property.

The trial court granted judgment to Jenkins and awarded him attorney's fees against Bailey. The court also granted judgment to Bailey against Zion and Limbacher for the conversion of the posts to their own use in breach of the Earnest Money Receipt and Offer to Purchase, but refused to award Bailey attorney's fees. Further, the court granted judgment to Zion and Limbacher on their counterclaim and awarded them attorney's fees against Bailey and Jenkins.

## REFUSAL OF FEES TO BAILEY

By well-established rule, attorney's fees cannot be recovered unless provided for by contract or statute. *Turtle Management, Inc. v. Haggis Management*, Utah, 645 P.2d 667 (1982). That rule is met in the present case since Bailey, along with Limbacher and Zion, executed the Earnest Money Receipt and Offer to Purchase, which expressly stated their agreement "to pay all expenses of enforcing this agreement, or of any arising out of the breach thereof, including a reasonable attorney's fee."

Courts should not ignore the parties' arms-length transaction. *Ephraim Theater Company v. Hawk*, 7 Utah 2d 163, 321 P.2d 221 (1958). Neither may a court rewrite the parties' contract. *Dalton v. Jerico*, Utah, 642 P.2d 748 (1982). In the present case, Bailey's attorney testified as to the reasonable value of his services, which testimony was unrebutted. But the trial court did not award him any amount nor offer any explanation for his failure to do so in spite of the fact that he made a finding that Zion and Limbacher had breached the agreement. At the same time, he made an award of attorney's fees to Zion and Limbacher on their counterclaim against Bailey that apparently was predicated on the provision in the agreement for fees. The court made no finding that the conversion of the sign panel was a breach of the contract but there was no other basis for the award. This disparity can only be seen as error.

In *Fireman's Insurance Co. v. Brown*, Utah, 529 P.2d 419 (1974), we upheld the trial court's refusal to award any attorney's fees in a contract case since the buyer had been in default for 20 months and the seller had refused to convey the property on proper tender by the buyer. If the trial court believed the dispute between Bailey, Zion and Limbacher to be comparable to the Fireman's Insurance case, then the court should not have awarded attorney's fees to either party. However, it was

not proper to award attorney's fees for services on the counterclaim for conversion of the sign panel by Bailey, and then to refuse to award Bailey any fees for services on the breach of the contract claim.

This case is not comparable to *Jensen v. Bouwhuis*, Utah, 577 P.2d 555 (1978), where no attorney's fees were awarded because there was no contract. Neither is it like *Fullmer v. Blood*, Utah, 546 P.2d 606 (1976), where particular complicated circumstances of the suit which involved principles of equity, as well as the fact that on a main issue the court had found against the party seeking attorney's fees, both entered in the court's denial of an attorney's fee. See also *American Gypsum Trust v. Georgia-Pacific Corp.*, 30 Utah 2d 6, 512 P.2d 658 (1973). Although there may be other exceptions to the awarding of attorney's fees when they are provided by contract, respondent has cited no compelling or persuasive precedent that supports an exception from the general rule.

## FEES AWARDED AGAINST BAILEY

The trial court awarded Zion and Limbacher attorney's fees on their counterclaim against Jenkins and Bailey in the amount of $300 each. This $600 award was made in the face of the undisputed testimony of Zion and Limbacher's attorney that the value of his services was worth considerably less. He testified:

> Since becoming involved in this particular lawsuit, I have expended time worth $1,785. I consider a fair, very conservative estimate as to the amount of time dealing with the recovery and certification of the cross-claim against Mr. Bailey and Mr. Jenkins to be ten percent of that time, or, in other words, $178.

While the amount of an award of attorney's fees rests within the sound discretion of the trial court, *Turtle Management*, supra; *Alexander v. Brown*, Utah, 646 P.2d 692 (1982), the amount must nonetheless, just as any other judicial determination, be supported by the evidence. *Ben-*

*eficial Life Insurance Co. v. Mason*, 108 Utah 437, 160 P.2d 734 (1945). Even allowing that the attorney's estimate was a "very conservative" one, there is nothing in the record to support the court's substantial deviation from the attorney's testimony as to the value of his services. An award over three times the amount that was supported by the evidence must be considered an abuse of discretion.

The case is remanded to the trial court to award attorney's fees in accordance with this opinion. Reasonable attorney's fees should be awarded to Bailey and fees awarded against him should be reduced to conform to the evidence. Bailey is also entitled to a reasonable fee for bringing this appeal. See *Management Services v. Development Associates*, Utah, 617 P.2d 406 (1980), where we held that a contract provision for payment of attorney's fees includes those incurred on appeal as well as at trial. Costs awarded to appellant.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.