APPLIANCE AND HEATING SUPPLY, INC., dba A & H Supply Co., Plaintiff and Respondent,

v.

James A. TELAROLI, Defendant and Appellant.

No. 19450.

Supreme Court of Utah.

May 14, 1984.

Randy S. Ludlow, Salt Lake City, for defendant and appellant.

Robert C. Liljenquist, Salt Lake City, for plaintiff and respondent.

### PER CURIAM:

The plaintiff, an Idaho corporation, sold appliances to the Telco Co., a Utah corporation. The latter had established a line of credit with the former. The defendant, Telaroli, was the president and sole owner of Telco. In 1979 Telco entered into a construction contract that called for a substantial increase in purchases from plaintiff. To secure the account, the plaintiff through its representative approached Telaroli with an agreement.

The first paragraph of the agreement called for payment on the tenth of the month, failing which, the signatory agreed to pay the amount due plus invoiced interest.

The second paragraph provided that such signatory agreed to pay amounts due, waiving presentment, demand and notice of non-payment, "as principal and not as surety." Telaroli objected to the paragraph, which was deleted by the plaintiff's representative by way of an initialed cross-out.

The third paragraph authorized a credit rating inquiry, with an indemnity against any claim arising out of such inquiry.

The fourth paragraph contained a statement binding the signatory to all the terms of the agreement and that the "undersigned, being an officer, shareholder ... agrees to the above terms (except paragraph two) and assumes *personal* responsibility for the payment of said corporation's account, and guarantees in full that said account will be promptly paid. It is understood that credit will not be extended to said corporation without this assumption of liability and guarantee."

The plaintiff's agent told Telaroli that if he did not sign the agreement, extended credit (which thereafter produced a $67,000 balance due and unpaid) would not be available. Telaroli thereafter signed the document, followed by the word "president," which he claimed, in refusing to make payment, absolved him from personal liability. Such contention flies in the teeth of the language of the fourth paragraph of the agreement above. There is no ambiguity in such language. Telaroli's effort to create such an ambiguity is based solely upon comparing such language with that which was excluded expressly by the parties. Such contention cannot shroud the remaining language with doubt. The authorities cited by Telaroli are inapropos, since they are structured on language concededly vulnerable to different meanings. A recent decision of this Court,[1] recounting strikingly similar facts and referring to authorities discounting almost every defensive argument presented by Telaroli here, appears to be dispositive. The claims that the attorney's fee award was excessive is not reflected in the record, particularly since the trial judge reduced the claim asserted by the plaintiff in a substantial amount.

The judgment is affirmed with costs on appeal to the plaintiff.

---

1. *Boise Cascade v. Stonewood Development,*     Utah, 655 P.2d 668 (1982).