David L. SALMON, Plaintiff
and Appellant,

v.

DAVIS COUNTY and Davis County
Sheriff's Department, Defendants
and Appellees.

No. 940315.

Supreme Court of Utah.

April 22, 1996.

Elizabeth T. Dunning, Mary J. Woodhead, Salt Lake City, for plaintiff.

Brian J. Namba, Melvin C. Wilson, Farmington, for defendants.

Philip W. Dyer, Salt Lake City, for amicus Utah Public Employees' Association.

DURHAM, Justice:

David L. Salmon appeals from a judgment awarding him attorney fees pursuant to Utah Code Ann. § 63–30a–2 for the successful defense of two misdemeanor criminal charges. Salmon contends that the trial court abused its discretion in denying him the full amount of attorney fees incurred in his defense. Although the majority does not join my opinion on this issue, I would agree with Salmon and reverse. Salmon also asserts that the trial court erred in holding that he was not entitled to recover the attorney fees necessarily incurred in litigating his right to attorney fees under Utah Code Ann. § 63–30a–2. A majority of this court agrees on this issue, and thus we reverse and remand.

I

From March 4, 1986, until March 16, 1993, Salmon was employed as a deputy sheriff by the Davis County Sheriff's Department. For approximately five years prior to this, Salmon was employed as a corrections officer for the State of Utah. On January 15, 1992, Salmon was charged in the Second Circuit Court of Davis County with two class B misdemeanor counts of assault. Both counts arose out of actions allegedly taken by Salmon in the course of his employment.

Salmon retained Elizabeth T. Dunning and Mary J. Woodhead to represent him. The first count went to trial before a jury on March 9, 1992, and the second count went to trial before a jury on April 24, 1992. Each trial lasted one day, and both juries found Salmon not guilty. Davis County Attorney Melvin C. Wilson represented the State at both trials.

On March 13, 1992, counsel for Salmon made a written request, pursuant to Utah Code Ann. § 63–30a–2,[1] to Davis County, asking the County to pay Salmon's attorney fees and costs incurred in the successful defense of the first information. The County did not respond. On March 27, 1992, Salmon moved the circuit court for an award of attorney fees and costs incurred in the defense of the first information.

Similarly, on May 7, 1992, Salmon's counsel made a written request to Davis County, asking the County to pay Salmon's attorney fees and costs incurred in successfully defending against the second information. Again the County did not respond. On June 10, 1992, Salmon moved the circuit court for an award of attorney fees and costs incurred in defending the second information. On June 22, 1992, the circuit court heard oral argument on Salmon's motions. The court denied the motions without prejudice on the

---

1. Section 63–30a–2 provides:
   If a state or grand jury indicts or if an information is filed against [a public] officer or [a public] employee, in connection with or arising out of any act or omission of that officer or employee during the performance of his duties, within the scope of his employment or under color of his authority, and that indictment or information is quashed or dismissed or results in a judgment of acquittal, unless the indict-
   ment or information is quashed or dismissed upon application or motion of the prosecuting attorney, that officer or employee shall be entitled to recover from the public entity reasonable attorneys' fees and court costs necessarily incurred in the defense of that indictment or information.
   *See also* Utah Code Ann. § 63–30a–1(1) (defining "officer" and "employee").

grounds that the County had not been made a party and that an action for award of attorney fees and costs pursuant to section 63–30a–2 could only be brought in district court.

On June 30, 1992, Salmon filed a request for fees and notice of claim with the County. Both before and after this date, Salmon's counsel suggested to the County the possibility of negotiating a resolution of the fee dispute. Salmon's counsel also proposed submitting the dispute to the Utah State Bar for binding arbitration. In January 1993, the County responded with a letter stating that although it appeared that the statute entitled Salmon to fees, the amount he claimed was unreasonable and they could not negotiate a settlement without a court hearing. The letter further recommended that Salmon file a complaint to obtain a judicial ruling on the reasonableness of fees sought.

On February 2, 1993, Salmon filed a complaint in the Second District Court asking for his attorney fees pursuant to section 63–30a–2. In its answer, the County denied liability to Salmon for attorney fees and costs. On October 13, 1993, both parties stipulated that pursuant to section 63–30a–2, Salmon was entitled to payment of his reasonable attorney fees and costs incurred in the defense of the two informations and that the hours reflected on the invoices submitted by Dunning were actually spent in defense of the informations. The County did not agree, however, that all hours spent were necessary and reasonable for the defense of the informations.

On October 13, 1993, Salmon moved for summary judgment, arguing that his actual attorney fees and costs were reasonable and necessarily incurred. Davis County opposed Salmon's motion, arguing that attorney fees based upon a flat rate for a misdemeanor should not exceed $2,000 for both cases and that attorney fees based upon an hourly rate should not exceed $6,674.85 for both cases. Following oral argument on Salmon's motion, the trial judge ruled that whereas "[m]ost attorney's fee agreements in criminal cases do have a ceiling or a maximum," plaintiff's agreement for attorney fees in this case set no ceiling on the amount of fees that could be

incurred. The trial court then ruled that in this case, a reasonable attorney fee "ranges from $1,200.00+ to $22,000.00+." The trial court then concluded, "Looking at the entire situation: the type of trials involved; the issues involved; the seriousness of the issues; the difficulty of the issues; the novelty of the issues; the hours involved; and the results of the trial; the court is satisfied that $7,500 would be a reasonable attorney's fee." This amount was considerably less than the amount of attorney fees Salmon actually incurred in defending the two informations, specifically, $16,532.

The trial court also ruled that Salmon was not entitled to attorney fees incurred in bringing the action to recover fees pursuant to section 63–30a–2. The court reasoned, first, that Salmon was not the prevailing party because "the court's ruling is substantially less than what the plaintiff requested and considerably closer to what the defendant requested" and, second, that there is no statutory or case law that allows for an award of attorney fees incurred in bringing a suit to collect attorney fees.

Salmon appeals. He contends that (a) the trial court's ruling is not supported by the evidence, and (b) section 63–30a–2 provides a basis for awarding attorney fees necessarily incurred in litigating to recover fees allowed under the statute.

II

Historically, this court has generally reviewed a trial judge's decision on the issue of attorney fees for abuse of discretion. *See, e.g., Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988). In light of our opinion in *State v. Pena*, 869 P.2d 932, 939 (Utah 1994), however, I clarify that the reasonableness of an award of attorney fees ordinarily presents a question of law, with some measure of discretion given to the trial court in applying the reasonableness standard to a given set of facts. *See id.* In the usual context of fee award decisions, "appellate deference is owed to the trial judge who actually presided over the proceeding and has first-hand familiarity with the litigation." *Utah Dep't of Social Servs. v. Adams*, 806

P.2d 1193, 1197 (Utah Ct.App.1991). Nevertheless, this case is different from most attorney fee cases in that the circuit court judge who heard Salmon's two misdemeanor trials did not make the fee award decision. Instead, the fee award decision was made by a district court judge who had before him only a written record and oral argument. Therefore, this court has before it everything relied upon by the court below. Accordingly, there is no justification for any deference to the trial court because it was not advantaged in any way in the fact-finding process. With this standard in mind, I now turn to Salmon's contentions.

Salmon argues that the trial court's award of less than the amount of attorney fees sought is not supported by the evidence. This court has held, "An award of attorney fees must be based on the evidence and supported by findings of fact." *Cottonwood Mall Co. v. Sine,* 830 P.2d 266, 268 (Utah 1992); *accord Dixie State Bank,* 764 P.2d at 990. A party requesting an award of attorney fees has the burden of presenting evidence sufficient to support the award. *Cottonwood Mall,* 830 P.2d at 268. Sufficient evidence should include the hours spent on the case, the hourly rate charged for those hours, and the usual and customary rates for such work. *Id.*

Salmon presented adequate evidence to meet this burden. He submitted the affidavits of Elizabeth T. Dunning, his counsel throughout the criminal proceedings, and the expert affidavits of David Bert Havas and Rodney G. Snow, experienced criminal defense attorneys. Dunning's affidavit presented as exhibits the detailed invoices that she submitted to Salmon showing each occasion on which work was performed, the nature of the work, the amount of time spent on each occasion, the attorney or other law firm employee performing the work, and the hourly rate charged for the respective employee. The end of each invoice contains a calculation of the total hours and the total fees for those hours. In addition, each invoice shows the total costs incurred and a breakdown of those costs. The County stipulated that the hours reflected on the invoices represent time "actually spent in defense of the informations." With this evidence, Salmon met the initial evidentiary burden required for an award of requested attorney fees.

The next issue is whether the fees Salmon incurred were reasonable. *See Cottonwood Mall,* 830 P.2d at 269 (stating that attorney fee award must be reasonable). This court has set out several factors which trial courts should consider in determining whether the requested attorney fees are reasonable. Those factors include, but are not limited to,

> "the difficulty of the litigation, the efficiency of the attorneys in presenting the case, the reasonableness of the number of hours spent on the case, the fee customarily charged in the locality for similar services, the amount involved in the case and the result attained, and the expertise and experience of the attorneys involved."

*Id.* at 269 (quoting *Cabrera v. Cottrell,* 694 P.2d 622, 625 (Utah 1985)).

Salmon submitted evidence establishing that in light of the various reasonability factors, he was entitled to the full amount of attorney fees he requested. Both Havas and Snow testified by affidavit that they had reviewed Dunning's affidavit, the legal invoices, and the memorandum in support of Salmon's motion for summary judgment, which included a detailed description of the work done in the circuit court. Both witnesses opined that their review of the specific facts and circumstances of Salmon's case indicated that the amounts charged and requested were reasonable and necessary. Both attorneys testified that they were familiar with rates customarily charged in this area and then went on to address why specific tasks performed by Salmon's counsel were necessary and reasonable in this case. In sum, I would conclude that Salmon submitted evidence sufficient to support an award of attorney fees in the amount he requested.

The County, in turn, failed to offer any evidence to rebut Salmon's showing and thereby support an award for less than the amount Salmon requested. Although the County argued below that certain fees should be rejected or reduced, the County failed to submit any evidence to support these arguments.

Although the County offered affidavits from four practicing attorneys, Melvin C. Wilson, Glen T. Cella, William J. Albright, and Terry L. Cathcart, it is my opinion that their testimony did not provide a basis for the trial court's reduction in the amount of fees Salmon showed was reasonable. We have held that expert affidavits must include the specific facts supporting the expert's conclusion. *Butterfield v. Okubo*, 831 P.2d 97, 104 (Utah 1992). Of the attorneys who submitted affidavits for the County, the only attorney who stated that he had any knowledge of the facts at issue in this case was Wilson, an attorney for Davis County. Consequently, Wilson's affidavit represents the only evidence offering any substantial support for the County's proposition that the requested fees were unreasonable.[2] Wilson's testimony, however, does not address specific facts except to conjecture that the work related to Salmon's motion to dismiss and motion in limine was unnecessary because "[h]ad Defendant requested a severance of the two counts [Wilson] would have concurred in the severance." Furthermore, the cursory nature of the analysis set forth in Wilson's affidavit undermines the credibility and reliability of the testimony. For example, Wilson summarily stated that on the basis of his experience as a defense attorney in Davis County, he believes "a reasonable fee for the defense of a Class B misdemeanor in a one day trial is $750.00–$1,000.00." Not only is this statement unrelated to the facts of this case, but it is also inconsistent with statements the County made elsewhere in its motion for summary judgment which assert that the highest reasonable fee for defending the first information is $3,665.02 and the highest for the second is $3,009.83. The testimony of the other attorneys is likewise of little help. In their affidavits, Cella, Albright, and Cathcart made only conclusory statements as to what they normally charge for a misdemeanor jury trial. Standing alone, such evidence has little relevance to the facts and fees at issue in this particular case. The County also points out that it submitted color-coded invoices of Salmon's counsel to indicate which fees the court should accept, reject, and reduce. These submissions are nothing more than tendentious argument. To support its arguments, the County should have submitted acceptable expert testimony to the effect that fees for such services would be unreasonable.[3]

I would conclude that the record contained insufficient evidence to support the trial court's award of less than the amount of attorney fees Salmon requested. The trial court made no findings to support its reduction, except for the "finding" that most cases have a cap. This finding, in turn, is likewise unsupported by the record. The County contends that this court can properly take judicial notice that most criminal cases involve ceilings or maximums on fees and that the district court did not err in observing

2. This author notes that it may have been improper for Wilson to submit his affidavit and continue as counsel for the County. *Watkiss & Campbell v. Foa & Son*, 808 P.2d 1061, 1065 (Utah 1991); *see also* Utah Rule of Professional Conduct 3.7(a) (prohibiting a lawyer from acting "as advocate at a trial in which the lawyer is likely to be a necessary witness"). Although Wilson's affidavit is not ipso facto inadmissible, "we deem it generally inadvisable for members of the bar to testify in litigation where they personally represent a party." *Watkiss & Campbell*, 808 P.2d at 1066. Had Salmon objected to Wilson's continuing representation, Wilson might have been disqualified. As for Dunning's testimony, it was not inappropriate because rule 3.7 includes an exception for testimony relating to the nature and value of legal services rendered in the case by the lawyer or her firm. Utah Rule of Professional Conduct 3.7(a)(2). Such testimony is fact-based—in contrast to attorney testimony which opines as to the reasonableness of legal services—and is necessary for establishing what legal services an attorney actually performed.

3. The County also argues that Salmon was required by statute to make a written request to the government agency to defend him prior to trial and that Salmon failed to do so. The County argues that the court should take Salmon's alleged procedural failure into consideration in determining the reasonableness of the fee. This argument is entirely irrelevant at this point; the County has waived any such alleged procedural defects by stipulating in the district court that Salmon was entitled to payment of his reasonable attorney fees. For this reason, I would reject the County's argument that because rule 1.5(d)(2) of the Rules of Professional Conduct forbids attorneys to take contingency fees in criminal matters, "an attorney fee that is contingent upon acquittal creating the right to indemnification against the employer is likewise in violation of the rules of ethics."

that "most attorney's fee agreements in criminal cases have a ceiling or maximum." I would agree only to the extent that the limitation for reimbursement in this case is defined by what constitutes reasonable and necessary attorney fees. In other words, the ceiling is set by the statute itself. *See* Utah Code Ann. § 63–30a–2. As discussed above, the County failed to submit any evidence rebutting Salmon's showing that the fees requested were reasonable and necessary. Accordingly, I would find that Salmon is entitled to an award of the full amount requested.

### III

■ This author's disposition of Salmon's second argument—that he is entitled to an award of attorney fees necessarily incurred in litigating to recover the fees allowed by Utah Code Ann. § 63–30a–2—is supported by a majority of this court. The proper construction of section 63–30a–2 is a question of law. *World Peace Movement v. Newspaper Agency*, 879 P.2d 253, 259 (Utah 1994).

Salmon contends that the trial court erred in holding that it could "find no statutory or case law that allows for an award of attorneys fees for having to bring a suit to collect attorneys fees." Salmon reasons that most statutes which provide for payment of attorney fees to a prevailing party do not explicitly state that fees incurred in seeking fees can be recovered, yet such statutes are uniformly interpreted to include reimbursement for the time incurred in preparing and litigating fee applications. The County, on the other hand, argues that the phrase "necessarily incurred" is limiting language placed in section 63–30a–2 to limit the award of attorney fees to work related directly to criminal defense. In light of our case law addressing attorney fees and equitable recovery, we are not persuaded that "necessarily incurred" is so limiting as to preclude an award of fees for the work done to obtain reimbursement of fees.

This court has interpreted attorney fee statutes broadly so as to award attorney fees on appeal where a statute initially authorizes

them. For example, in *First Southwestern Financial Services v. Sessions*, 875 P.2d 553, 556 (Utah 1994), we considered the Utah deficiency judgment statute which provides the prevailing party costs and fees incurred in bringing an action under the statute, *see* Utah Code Ann. § 57–1–32, and concluded that costs and attorney fees incurred on appeal should likewise be allowed under the statute. Similarly, in *Richards v. Security Pacific National Bank*, 849 P.2d 606, 612 (Utah Ct.App.1993), the court of appeals interpreted the provision for attorney fees under the Utah Mechanic's Liens Statute. The statute provided that in any action brought to enforce a lien, the successful party would be entitled to reasonable attorney fees. *See* Utah Code Ann. § 38–1–18 (1988).[4] The court of appeals concluded that an appeal from a suit brought to enforce a lien also qualifies as part of "an action" for the purposes of the statute. *Richards*, 849 P.2d at 612.

Although this court has not directly addressed the issue of whether fees incurred in recovering fees allowed under a statute should also be awarded pursuant to the statute, we agree with the rationale articulated in *American Federation of Government Employees, AFL–CIO, Local 3882 v. Federal Labor Relations Authority*, 994 F.2d 20 (D.C.Cir.1993):

> Federal courts have repeatedly recognized that the unavailability of "fees for fees" could render fee-shifting provisions impotent, thereby reducing the effectiveness of the underlying statutes.... [A]n award of "fees for fees" is not merely a remote descendant of the underlying action from which it derives. Rather, it is an integral aspect of the statutory scheme on which the underlying claim is based.

*Id.* at 22; *see also Commissioner, INS v. Jean*, 496 U.S. 154, 163–64, 110 S.Ct. 2316, 2321–22, 110 L.Ed.2d 134 (1990); *Prandini v. National Tea Co.*, 585 F.2d 47, 53 (3d Cir.1978); *Souza v. Southworth*, 564 F.2d 609, 614 (1st Cir.1977). This rationale is

---

4. Section 38–1–18 of the Utah Code has subsequently been amended to provide an exception for obtaining attorney fees in certain circumstances set forth in section 38–11–107 (Supp. 1995).

consistent with our prior case law awarding attorney fees for appeals where attorney fees are initially authorized by statute. *See First Southwestern Financial Servs.*, 875 P.2d at 556.

Analogously, we have recognized that a contractual obligation to pay attorney fees incurred in enforcing a contract should also include fees incurred on appeal. In *Management Services v. Development Associates*, 617 P.2d 406, 408–09 (Utah 1980), we stated that the purpose of an attorney fees provision is to indemnify the prevailing party against the necessity of paying attorney fees and thereby enable him to recover the full amount of the obligation. *Id.* at 409. In accordance with this purpose, we concluded that "a provision for payment of attorney's fees in a contract includes attorney's fees incurred by the prevailing party on appeal as well as at trial, if the action is brought to enforce the contract." *Id.* Similarly, the court of appeals recently ruled that the prevailing party in a dispute over a contractual attorney fees provision was entitled, not only to attorney fees on appeal, but also to the fees it incurred establishing the reasonableness of the fees for which it was entitled to be indemnified. *James Constructors v. Salt Lake City*, 888 P.2d 665, 674 (Utah Ct.App. 1994).

The attorney fees at issue in this case, although they are permitted pursuant to statute instead of contract, are very similar in purpose—the reimbursement of attorney fees makes the vindicated public employee whole. Consequently, if a vindicated employee is required to expend attorney fees to recover the original fees to which he was entitled, the cost of these subsequent fees must also be reimbursed. Any other interpretation would eviscerate the purpose of the statute. In accordance with this rationale, we conclude that Salmon is entitled to reasonable fees and costs necessarily incurred in recovering the fees and costs allowed under section 63–30a–2.

We thus reverse the district court as to the issue of recovery of attorney fees incurred in seeking fees and remand for a determination and award of reasonable attorney fees and costs incurred in the district court proceeding and in the appeal to this court.

RUSSON, Justice, dissenting.

I respectfully dissent from the lead opinion. Justice Durham concludes that the trial court erred in denying Salmon the full amount of attorney fees incurred in his defense. In addition, Justice Durham, joined by Chief Justice Zimmerman and Associate Chief Justice Stewart, concludes that the trial court erred in denying Salmon an award for attorney fees incurred while litigating his entitlement to attorney fees. The incorrectness of these positions will be demonstrated in two parts.

As an initial matter, it is necessary to point out that this case is properly treated as an appeal from a trial even though the dispute was initially submitted to the trial court as Salmon's motion for summary judgment.

It is not unusual for parties to submit cases containing factual disputes to trial judges for determination based upon evidence submitted by stipulation or by affidavits. Indeed, throughout the life of this case, the parties and the judge treated this matter, which was initially a motion for summary judgment, as a trial. That is, the parties submitted the evidence by way of contrary affidavits, argued the merits of the evidence, and left the determination of reasonable attorney fees and the resolution of factual disputes for the judge. After the lower court's determination of reasonable attorney fees, Salmon moved for reconsideration but did not question the propriety of the court's resolution of factual disputes or its determination of an award based on the affidavits. Salmon argued only that the judge's ruling made him the prevailing party and he was therefore entitled to attorney fees incurred in prosecuting his claim for attorney fees. And in their appellate briefs to this court, both parties continued to treat the trial court's determination as one resulting from a submission for determination based upon the affidavits. Both Salmon and Davis County state in their briefs that the applicable standard of review of the trial court's award is abuse of discretion. The standard of review, of course, for a summary judgment is one of correctness,

with no deference afforded to the trial court. *Winegar v. Froerer Corp.*, 813 P.2d 104, 107 (Utah 1991); *Farmers New World Life Ins. Co. v. Bountiful City*, 803 P.2d 1241, 1243 (Utah 1990). Even during oral argument before this court, the parties argued the case as if it had been tried.

The fact that the matter commenced as a motion for summary judgment in no way detracts from this court's ability to treat the posture as it actually was, a trial based on evidence by way of affidavits. A similar contention was refuted by this court in *Strand v. Associated Students of the University of Utah*, 561 P.2d 191 (Utah 1977), where a motion to dismiss was filed and, subsequently, affidavits were submitted and used by the trial court to grant the motion. *Id.* at 192. Even though the trial court and the parties continued to .refer to the motion as a motion to dismiss, this court treated the motion as a motion for summary judgment. *Id.* at 193. This court explained:

> "But since labels do not control, where the trial court, in effect, properly treats such a Rule 12(b)(6) motion as one for summary judgment but erroneously characterizes its action as a ruling on a motion to dismiss for failure to state a claim, the ruling will be reviewed as if it had been a ruling on a motion for summary judgment."

*Id.* at 193 n. 1 (quoting 6 *Moore's Federal Practice* § 56.02[3], at 56–33 (2d ed.)). The same underlying principle controls here as well. While Salmon moved for summary judgment and each party submitted affidavits supporting each position, the parties, in fact, submitted the matter, with its incidental factual disputes, for determination by the judge. Although it would have been preferable for the parties to specifically state their intentions on the record, those intentions are sufficiently reflected in their treating the matter as a trial.

Furthermore, contrary to Chief Justice Zimmerman's intimations, the trial court's factual findings were sufficient to support its award. For the first misdemeanor case, the trial court found that "a reasonable attorney fee ... is $4,000." For the second misdemeanor case, the trial court found that "a reasonable attorney fee ... is $3,500." That is all that is required. An award of attorney fees need only be reasonable, which encompasses the requirement that the fees were necessarily incurred, to satisfy the statute which authorized the fee. *See* Utah Code Ann. § 63–30a–2. Moreover, this court has never directed trial courts to record the manner in which each factor affected the trial court's ultimate conclusion. Such a requirement is unnecessary.

I

Justice Durham's first erroneous position is that the trial court erred in denying Salmon the full amount of attorney fees incurred in his defense. In so concluding, Justice Durham improperly affords no discretion to the trial court. Justice Durham states that in light of *State v. Pena*, 869 P.2d 932 (Utah 1994), "the reasonableness of an award of attorney fees ordinarily presents a question of law, with some measure of discretion given to the trial court in applying the reasonableness standard to a given set of facts." In fact, she accords no discretion to the trial court on the ground that the fee award was determined by a district court judge who had before him only the written record and oral argument instead of the circuit court judge who tried the underlying case.

This court has consistently held that "[c]alculation of reasonable attorney fees is in the sound discretion of the trial court, and will not be overturned in the absence of a showing of a clear abuse of discretion." *Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988) (citation omitted); *see Baldwin v. Burton*, 850 P.2d 1188, 1198 (Utah 1993); *Cottonwood Mall Co. v. Sine*, 830 P.2d 266, 269 (Utah 1992); *Jenkins v. Bailey*, 676 P.2d 391, 393 (Utah 1984); *Paul Mueller Co. v. Cache Valley Dairy Ass'n*, 657 P.2d 1279, 1287 (Utah 1982); *Alexander v. Brown*, 646 P.2d 692, 695 (Utah 1982); *Turtle Management, Inc. v. Haggis Management, Inc.*, 645 P.2d 667, 671 (Utah 1982); *Management Servs. Corp. v. Development Assocs.*, 617 P.2d 406, 408 (Utah 1980); *In re Smith's Estate*, 162 P.2d 105, 111 (Utah 1945). Indeed, both parties to this appeal acknowledge abuse of discretion as the applicable standard.

*State v. Pena,* 869 P.2d 932 (Utah 1994), does not compel a different standard. In *Pena,* this court acknowledged that broad discretion is generally granted to the trial court

(i) when the facts to which the legal rule is to be applied are so complex and varying that no rule adequately addressing the relevance of all these facts can be spelled out;

(ii) when the situation to which the legal principle is to be applied is sufficiently new to the courts that appellate judges are unable to anticipate and articulate definitively what factors should be outcome determinative; and

(iii) when the trial judge has observed "facts," such as a witness's appearance and demeanor, relevant to the application of the law that cannot be adequately reflected in the record available to appellate courts.

*Id.* at 936 (citation omitted).

The determination of reasonable attorney fees falls within these parameters. The consideration of such fees must take into account numerous variables that cannot be embraced in a rule of law. In *Cabrera v. Cottrell,* 694 P.2d 622, 625 (Utah 1985), this court set forth some of the factors relevant to attorney fee determinations. Such factors include

the difficulty of the litigation, the efficiency of the attorneys in presenting the case, the reasonableness of the number of hours spent on the case, the fee customarily charged in the locality for similar services, the amount involved in the case and the result attained, and the expertise and experience of the attorneys involved.

*Id.*

All factors, including those listed above, must be given careful consideration in the determination of the necessity and reasonableness of attorney fees. Trial judges are uniquely equipped to make such determinations and have traditionally been given broad discretion. They are routinely required to determine and award reasonable attorney fees in numerous cases on the basis of evidence presented in the form of stipulations, proffers, or testimony. They are in the best position to evaluate fees customarily charged in the locality for similar services, the exper-

tise and experience of the attorneys involved, reasonableness of the hours, and numerous other factors. For this reason, this court has consistently held that the determination of reasonable attorney fees is within the sound discretion of the trial judge and will not be overturned in the absence of clear abuse of discretion.

Justice Durham takes the position that this court is in as good a position as the district court judge to review the record and determine the reasonableness of fees because the fee award decision in this case was made by a district court judge who had before him only the record and oral argument, not by the circuit court judge who had presided over the actual underlying trial. I disagree. Because trial judges are routinely involved in the determination of attorney fees concerning the entire spectrum of activities incident to litigation, they are in the best position, by their experience, to determine the reasonableness of such fees.

In this case, considering the appropriate standard of review in attorney fee disputes, the trial court's award is amply supported by the evidence. Salmon submitted affidavits of his attorney and two experienced criminal defense attorneys as to the reasonableness of his proposed fee award. Davis County submitted affidavits of four practicing attorneys, one of whom averred that after reviewing the billing in question, he found the proposed figure excessive and unreasonable. All of the affidavits offered by the County stated that the customary fee for two misdemeanor trials was between $1,500 and $3,000.

■ Contrary to Justice Durham's suggestion, the affidavits estimating fees customarily charged are competent evidence. An attorney need not have knowledge of the specific facts of the case to qualify as an expert in this context. One of the factors to consider in arriving at reasonable attorney fees is "the fee customarily charged in the locality for similar services." *Cabrera,* 694 P.2d at 625. As long as the affidavits evidence the attorneys' familiarity with fees customarily charged in the locality for misdemeanor trials, which they do, the attorneys qualify as experts in this context. Thus, this

evidence is competent to support the trial court's fee assessment.

█ This evidence is also sufficient to support the assessment. In *Alexander v. Brown*, 646 P.2d 692 (Utah 1982), this court affirmed an award of attorney fees where the trial court selected a compromise figure between two estimates of reasonable fees. *Id.* at 695. That is precisely what happened here. The trial court made a determination of and awarded reasonable attorney fees in an amount less than Salmon requested but more than the County offered. It cannot be said that the trial judge abused its discretion in making its award.

Under Justice Durham's analysis, a trial court must either award the amount of fees claimed if affidavits substantiate the necessity and reasonableness of the claim or make factual findings supporting its denial or reduction of the amount. Justice Durham's analysis is inaccurate. A court is not required to make findings as to why it did not make a particular award. It need only make findings sufficient to support the ultimate award. *See Baldwin*, 850 P.2d at 1198, 1199–1200; *Appliance & Heating Supply, Inc. v. Telaroli*, 682 P.2d 867, 868 (Utah 1984); *Paul Mueller Co. v. Cache Valley Dairy Ass'n*, 657 P.2d 1279, 1287 (Utah 1982). In *Beckstrom v. Beckstrom*, 578 P.2d 520 (Utah 1978), an attorney offered undisputed evidence that fees should be awarded in the amount of $800. However, the trial court awarded only $500. On appeal, this court upheld the award, explaining, "Even though that evidence is undisputed, the trial judge was not necessarily compelled to accept such self-interested testimony whole cloth and make such an award; and in the absence of patent error or clear abuse of discretion, this court will not disturb his findings and judgment." *Id.* at 523–24 (footnotes omitted).

## II

Justice Durham, joined by Chief Justice Zimmerman and Associate Chief Justice Stewart, awards attorney fees incurred in litigating the claim for attorney fees. In doing so, the justices ignore the language of section 63–30a–2 of the Utah Code as well as Utah case law which holds, "The general rule in Utah, and the traditional American rule, subject to certain exceptions, is that attorney fees cannot be recovered by a prevailing party unless a statute or contract authorizes such an award." *Stewart v. Utah Pub. Serv. Comm'n*, 885 P.2d 759, 782 (Utah 1994); *Baldwin*, 850 P.2d at 1198; *Dixie State Bank*, 764 P.2d at 988. In this case, Salmon seeks to recover attorney fees which he incurred in suing the County for attorney fees assessed in the defense of the criminal allegations against him. He relies upon section 63–30a–2 of the Utah Code, which states in part that an employee who has been acquitted of charges relating to the scope of his employment "shall be entitled to recover from the public entity reasonable attorneys' fees and court costs necessarily incurred in the defense of that indictment or information." However, the fees charged by his attorneys in litigating his entitlement to attorney fees were not incurred "in the defense of [the] information" as required by the statute. Salmon is in no different position than numerous other litigants who seek to enforce statutory rights where awards for attorney fees are not authorized by the statutes. The statute here is clear and unambiguous. The only fees recoverable by Salmon are those reasonably and necessarily incurred in the defense of the informations themselves. Therefore, Salmon should realize no reimbursement of fees incurred in pursuing fees.

In this regard, Justice Durham relies on cases decided by this court awarding costs and fees incurred during appeals. However, her reliance is misplaced. Justice Durham cites *First Southwestern Financial Services v. Sessions*, 875 P.2d 553, 556 (Utah 1994), and *Management Services Corp. v. Development Associates*, 617 P.2d 406, 408–09 (Utah 1980). However, the parties seeking attorney fees in those cases were not seeking fees incurred in litigating their entitlement to the fees. Rather, the parties were enforcing, on appeal, statutory and contractual rights. Both the statute and the contract in these cases provided for the award of fees incurred in enforcing the respective rights.

Finally, both Chief Justice Zimmerman and Justice Durham contend that the unavailability of "fees for fees" would reduce the

effectiveness of the statute authorizing attorney fees. This may be true. However, it is for the legislature, not the courts, to increase the effectiveness of its statutes by authorizing awards of attorney fees. This court should not invade the legislature's province by allowing an award for fees which section 63–30a–2 simply does not authorize.

HOWE, J., concurs in Justice RUSSON's opinion.

STEWART, Associate Chief Justice:

I agree that the trial court did not err in awarding $7500 for defense fees. I agree with Chief Justice Zimmerman and Justice Durham that Utah Code Ann. § 63–30a–2 must be read to provide for attorney fees incurred in recovering fees for the litigation of the criminal charge. In my view, any other conclusion would defeat the obvious purpose of the Legislature in enacting 63–30a–2.

ZIMMERMAN, Chief Justice, concurring:

I concur in Justice Russon's articulation of the proper standard of review for a trial court's award of attorney fees, and I also reluctantly concur in his affirmance of the trial court's award of $7,500 for the fees Salmon incurred to defend himself against the informations. However, I agree with the result reached by Justice Durham that Salmon is entitled to reimbursement for reasonable attorney fees incurred in litigating his right to his defense fees. Because neither the opinion of Justice Russon nor that of Justice Durham otherwise commands a clear majority, the result reached in this opinion announces the court's result on both issues in this case. However, there is no majority rationale for either result.

I first address the trial court's award of reasonable defense fees to Salmon. Assuming the proceeding below was a trial based solely on affidavit evidence,[1] then I whole-heartedly agree with Justice Russon's opinion regarding the deference due the trial court's findings of fact. However, I only reluctantly reach the result that we should affirm the trial court's $7,500 award in this case. My preferred course would have been to remand the case for additional findings of fact, because the present findings are barely legally sufficient to support the trial court's ultimate determination that $7,500 was a reasonable award. However, a majority of the court is not willing to follow that course. Accordingly, I explain my concern over the findings for whatever guidance it may provide to trial courts.

The findings in the instant case were, at best, minimal. Following oral argument on Salmon's motion for summary judgment, the trial judge issued a memorandum ruling in which he held that Salmon's claimed fees were "excessive," while noting that "the evidence, in regards to a reasonable attorney's fee, ranges from $1,200.00+ to $22,000.00+." The court ultimately concluded, "Looking at the entire situation: the type of trials involved; the issues involved; the seriousness of the issues; the difficulty of the issues; the novelty of the issues; the hours involved; and the results of the trial; the court is satisfied that $7,500 would be a reasonable attorney's fee." The trial court reiterated this conclusion essentially verbatim in its findings of fact 2 and 3, which together found $7,500 to be a reasonable fee award for Salmon's defense against the two informations.

As Justice Russon properly notes, our review of a trial court's factual findings is limited to determining whether the findings are clearly erroneous and whether the trial court's ultimate conclusion was an abuse of discretion. *Baldwin v. Burton,* 850 P.2d 1188, 1198 (Utah 1993); *Cottonwood Mall Co. v. Sine,* 830 P.2d 266, 269 (Utah 1992); *Dixie State Bank v. Bracken,* 764 P.2d 985, 988 (Utah 1988). This standard of review applies whether the trial court's findings are based

---

1. Although we treat the proceeding below as an evidentiary hearing or trial, the record reveals no agreement by the parties that what they consistently styled as a "summary judgment" action was in reality something else. As a result, we cannot be certain that both parties clearly understood the evidentiary burden they were required to meet in the proceeding before the trial court. While it is not wholly inappropriate to assume that what was done without express objection was done with consent, I would have preferred to require the trial court to clarify the parties' understanding on remand.

on oral or documentary evidence. Utah R.Civ.P. 52(a).[2] However, applying that standard of review assumes that we have adequate findings to review.

The findings here appear to me to state little more than the trial court's ultimate legal conclusion. In contrast, this court has always demanded findings sufficiently detailed to " 'disclose the steps by which the ultimate conclusion on each factual issue was reached.' " *Butler, Crockett & Walsh Dev. Corp. v. Pinecrest Pipeline Operating Co.*, 909 P.2d 225, 231 (Utah 1995) (quoting *Acton v. J.B. Deliran*, 737 P.2d 996, 999 (Utah 1987)). We demand detailed findings because the reasonableness of an attorney fee award is a highly fact-sensitive legal determination and " 'detailed findings are necessary to enable this court to meaningfully review the issues on appeal.' " *State v. Ramirez*, 817 P.2d 774, 788 (Utah 1991) (quoting *State v. Lovegren*, 798 P.2d 767, 770 (Utah Ct.App. 1990)); *see Cottonwood Mall*, 830 P.2d at 269 ("Although a trial court has discretion to determine an award of attorney fees, the exercise of that discretion must be based on an evaluation of the evidence."); *Cabrera v. Cottrell*, 694 P.2d 622, 624 (Utah 1985) ("An award of attorneys fees must generally be made on the basis of findings of fact supported by the evidence and appropriate conclusions of law.").

When a trial court's findings are insufficient to permit meaningful appellate review, this court ordinarily does not make its own factual findings, but remands the case for the entry of additional findings. *Ramirez*, 817 P.2d at 788; *Acton*, 737 P.2d at 999; *Rucker v. Dalton*, 598 P.2d 1336, 1339 (Utah 1979). We do so because the trial court should resolve factual inconsistencies before we review an issue on appeal. Otherwise, we would have to resolve those factual inconsistencies by making our own findings, and "it is not the function of an appellate court to make findings of fact." *Rucker*, 598 P.2d at 1338; *see Ramirez*, 817 P.2d at 788 (holding that appellate court cannot assume trial court

would have found facts to support its decision when ambiguity of facts makes such an assumption unreasonable); *see also State v. Pena*, 869 P.2d 932, 935–36, 938–39 (Utah 1994) (explaining why appellate court defers to trial court on factual and fact-dependent issues). The findings in the instant case are so close to being legally inadequate for meaningful appellate review that I would have preferred to remand this case for additional findings.

However, I conclude that the trial court's findings are minimally sufficient to withstand a remand. The trial court made clear that it considered the evidence in light of some of the factors outlined in *Cottonwood Mall*, 830 P.2d at 269, even if the court failed to make any findings relative to those factors. In addition, because the trial court could properly find that Salmon's fees were "excessive" from the court's independent evaluation of Salmon's attorney bills, it could properly reduce the award sua sponte. *See Dixie State Bank*, 764 P.2d at 989 (citing *Appliance and Heating Supply, Inc. v. Telaroli*, 682 P.2d 867, 868 (Utah 1984); *Sears v. Riemersma*, 655 P.2d 1105, 1110 (Utah 1982)). Although we ordinarily demand a more detailed explanation of the reasons for a sua sponte reduction, *see Sears*, 655 P.2d at 1110, the trial court's oral ruling from the bench that Salmon's bills were "excessive" is minimally sufficient to support the reduction here. Thus, while I would have preferred to remand for the entry of additional findings, I reluctantly concur that the trial court's award of $7,500 for Salmon's defense fees should be affirmed.

I now address Salmon's entitlement to a reasonable fee award for litigating his statutory right to be indemnified for the reasonable cost of his defense. I concur in the result of Justice Durham's opinion to the extent that she holds that Salmon is entitled to an award of reasonable attorney fees for litigating his attorney fee claim. I agree that lack of such an award would undermine the purpose of section 63–30a–2, which is to in-

---

**2.** Hence, Justice Durham's assertion that "there is no justification for any deference to the trial court" because this court has before it everything relied on by the trial court is flatly in conflict with the Utah Rules of Civil Procedure. *See*

Utah R.Civ.P. 52(a) ("Findings of fact, *whether based on oral or documentary evidence,* shall not be set aside unless clearly erroneous ...." (emphasis added)).

demnify a vindicated employee. However, I cannot agree with her main justification for that result without some additional explanation.

Justice Durham analogizes Salmon's case to typical cases where attorney fees incurred on appeal are awarded whenever attorney fees were initially authorized by statute or contract. In such a case, both the underlying action and the appeal focus on enforcing a substantive right that incidentally includes the right to attorney fees. As Justice Russon points out, the plain language of section 63–30a–2 would appear to limit Salmon's substantive right to those attorney fees "necessarily incurred in the defense of [the] indictment or information." Utah Code Ann. § 63–30a–2. Looking solely at the language of the statute, Justice Russon would appear to be correct that Salmon is not entitled to attorney fees in the instant action because this action was technically not part of Salmon's defense to the informations.

However, Salmon could not raise the attorney fee issue in the underlying proceedings because the County was not a party to the underlying criminal actions against him. This anomaly sets section 63–30a–2 apart from the vast majority of our cases which rely on a statutory or contractual provision for attorney fees, where the attorney fee issue can be litigated in the same proceeding as the substantive right to which the award of fees is attached.

But because vindicated employees can never litigate their right to fees under section 63–30a–2 in the course of the underlying criminal proceedings and must bring a separate civil proceeding to do so, the fact that two different proceedings are involved should not undermine Salmon's statutory entitlement to indemnification. To so hold would elevate form over substance. When confronted with similar fee-shifting statutes that are silent on the right to receive attorney fees for litigating the right to such fees, the federal courts have not hesitated to broadly construe the fee-shifting statute as authorizing the payment of fees for litigating the right to the fees. See Gagne v. Maher, 594 F.2d 336, 344 (2d Cir.1979) ("[D]enying attorneys' fees for time spent in obtaining them

would 'dilute the value of a fees award by forcing attorneys into extensive, uncompensated litigation in order to gain any fees.'" (quoting Stanford Daily v. Zurcher, 64 F.R.D. 680, 683–84 (N.D.Cal.1974), aff'd, 550 F.2d 464 (9th Cir.1977), rev'd on other grounds, 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978)), aff'd on other grounds, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980).

In addition, the United States Supreme Court has stated that a fee-shifting statute such as section 63–30a–2 "favors treating a case as an inclusive whole, rather than as atomized line-items." Commissioner, INS v. Jean, 496 U.S. 154, 161–62, 110 S.Ct. 2316, 2320–21, 110 L.Ed.2d 134 (1990); see also Sullivan v. Hudson, 490 U.S. 877, 888, 109 S.Ct. 2248, 2256, 104 L.Ed.2d 941 (1989) (where administrative proceedings are "necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded"), cited in Jean, 496 U.S. at 162, 110 S.Ct. at 2320–21. Accordingly, we should consider the civil proceeding required to secure the indemnification benefits of section 63–30a–2 "part and parcel" of an acquitted employee's defense to a criminal indictment or information.

Finally, an award of a reasonable fee for seeking defense fees will not encourage exorbitant fee requests or generate needless litigation. In determining a reasonable fee for the fee litigation, a district court has the discretion to assess whether the fee requested for the fee litigation is reasonable and whether the employee or employer unreasonably generated or protracted the fee litigation.

In sum, I concur with Justice Russon that the trial court's award of $7,500 for Salmon's defense fees should be affirmed. However, I concur with Justice Durham that Salmon is entitled to a reasonable fee for litigating his statutory right to indemnification for his defense fees.