IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| David Charles Nicholls, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20120276-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (August 30, 2012) |
| George Weinstein and Seleal Associates, | ) | |
| | ) | 2012 UT App 246 |
| Defendants and Appellants. | ) | |

-----

Third District, Silver Summit Department, 090500397
The Honorable Keith A. Kelly

Attorneys:    George Weinstein, Park City, Appellant Pro Se
              Michael A. Reason, South Ogden, for Appellant Seleal Associates
              Natalie C. Segall and Cameron M. Banko, Park City, for Appellee

-----

Before Judges McHugh, Davis, and Thorne.

¶1     George Weinstein and Seleal Associates[1] (Seleal) appeal the trial court's order awarding supplemental attorney fees incurred in defending against Weinstein's

---

[1]This court sent a letter to Seleal Associates notifying it that, as a business entity, it must be represented by a Utah licensed attorney. *See Tracy-Burke v. Department of Emp't Sec.*, 699 P.2d 687, 688 (Utah 1985). An attorney entered an appearance in the appeal in response to the notice and moved to ratify the previously filed notice of appeal and to join in the docketing statement filed by Weinstein. As a result, we accept the notice of appeal as effective for Seleal with the ratification of counsel.

postjudgment motions. This is before the court on its own motion for summary disposition based on the lack of a substantial question for review.

¶2     Weinstein asserts that the trial court lacked authority to award additional fees for postjudgment work not relating to actual enforcement or collection of the judgment. In *Salmon v. Davis County*, 916 P.2d 890 (Utah 1996), the Utah Supreme Court held that fees incurred in litigating to recover fees are allowable. *See id.* at 895-96. To avoid eviscerating a fee shifting provision under statute, the court held that fees incurred in defending or recovering statutory fees are within the scope of statutory fees. *See id.* Here, fees were awarded under the Utah Fit Premises Act. *See* Utah Code Ann. §§ 57-22-1 to -7 (2010 & Supp. 2012). Accordingly, because the fees were awarded pursuant to statute, fees incurred in defending and collecting the fees awarded are also properly shifted to Weinstein. The most recent fee amount was incurred defending the initial judgment and other supplemental fee awards from another of Weinstein's repetitious postjudgment motions. Because the fees were incurred defending the judgment and previously awarded fees, the new fees were within the scope of the statutory scheme and the trial court had the authority to award them.

¶3     Weinstein asserts several additional issues in his response to the sua sponte motion, but they are not within the scope of this appeal. He seeks to reach back and again challenge the initial judgment entered after trial in March 2010. That judgment was affirmed on direct appeal and is final for all purposes. He also asserts that prior fee awards were inappropriate. However, those awards were not timely appealed. *See Cheves v. Williams*, 1999 UT 86, ¶ 52, 993 P.2d 191 (holding that postjudgment proceedings are separate judgments subject to appellate rules). This appeal is taken from the March 5, 2012 order and is limited to the supplemental fees awarded by that order.[2]

¶4     Seleal argues that its liability for fees or damages was limited to the amount sought in the complaint because a default was entered against it in June 2009. *See* Utah R. Civ. P. 54(c) (providing that a judgment by default shall not exceed the amount

---

[2]The March 5 order includes the text of prior orders, including the initial findings and conclusions. This information is included in the new order merely as a recital of the factual and procedural background and does not reopen the judgment, which remains final.

specifically requested).  The same day that the trial court signed the default judgment, however, it vacated that judgment and set the matter for hearing.  Ultimately, the trial court denied Nicholls's request for the entry of a default judgment.  Accordingly, Seleal's argument regarding the limitations of default judgments is without support in the record.

¶5     Furthermore, Seleal's argument is beyond the scope of this appeal.  Seleal, like Weinstein, seeks to challenge the 2010 judgment, which was affirmed on appeal and is not before this court.  Seleal presents no argument regarding the specific award of supplemental fees.  As a result, it presents no substantial issue for review warranting further proceedings by this court.

¶6     Affirmed.


_____
Carolyn B. McHugh,
Presiding Judge


_____
James Z. Davis, Judge

-----

¶7     I CONCUR IN PART AND DISSENT IN PART:


_____
William A. Thorne Jr., Judge

20120276-CA                              3